Eric J. Shimanoff (ejs@cll.com)
Joel K. Schmidt (jks@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY  10036-6799
(212) 790-9200
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

CYNTHIA M. FULLWOOD, individually and on
behalf of all others similarly situated,

                          Plaintiff,

        against

WOLFGANG'S STEAKHOUSE, INC. and ZMF
RESTAURANTS LLC,

                          Defendants.

-------------------------------------------------------------- x

No. 13 Civ. 7174 (KPF) (HP)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

## Table of Contents

Page

INTRODUCTION .................................................................................................................1

ARGUMENT .......................................................................................................................4

PLAINTIFF'S    SECOND    AMENDED    COMPLAINT    SHOULD    BE
DISMISSED PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A
CLAIM ................................................................................................................................4

I.      Plaintiff's Additional General Allegations about FACTA, Its Publicity and
        Compliance by Others Do Not Plausibly Show Defendants Knowingly or
        Recklessly Violated the Statute ...........................................................................4

II.     Plaintiff's Expanded Allegations about Defendants' Purported Actual
        Knowledge of FACTA Similarly Do Not Plausibly Show Defendants
        Knowingly or Recklessly Violated the Statute ....................................................5

        A.      Alleged Notices from Credit Card and Other Companies ........................5

        B.      Defendants' Insurance Policy and the Carrier's Denial of Coverage ......8

III.    Plaintiff's Allegations that Defendants Partially Complied with FACTA
        Show, at Most, Negligent Behavior ..................................................................10

CONCLUSION ..................................................................................................................12

26598/017/1558913

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alexander v. Golden Nugget, Inc.*,
2014 U.S. Dist. LEXIS 98682 (D. Nev. July 18, 2014)..........................................11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..........................................................................................10

*Barnum v. Millbrook Care Ltd. P'ship*,
850 F. Supp. 1227 (S.D.N.Y. 1994)........................................................................7

*Crupar-Weinmann v. Paris Baguette Am., Inc.*,
2014 U.S. Dist. LEXIS 91119 (S.D.N.Y. June 29, 2014), *reconsideration
denied*, 2014 U.S. Dist. LEXIS 122887 (S.D.N.Y. Sept. 2, 2014) .....................4, 9, 10, 11, 12

*Gardner v. Appleton Baseball Club, Inc.*,
2010 U.S. Dist. LEXIS 31653 (E.D. Wis. Mar. 31, 2010) ..............................................4, 5, 12

*Givens v. Smith*,
2014 U.S. Dist. LEXIS 48916 (N.D. W. Va. Mar. 19, 2014)...................................................7

*Najarian v. Charlotte Russe, Inc.*,
2007 U.S. Dist. LEXIS 95606 (C.D. Cal. Aug. 16, 2007).....................................................11

*Rothman v. Gregor*,
220 F.3d 81 (2d Cir. 2000).................................................................................8 n.4

*Seo v. CC CJV Am. Holdings, Inc.*,
2011 U.S. Dist. LEXIS 120246 (C.D. Cal. Oct. 18, 2011) ......................................................4

*Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*,
682 F.3d 170 (2d Cir. 2012)...............................................................................8 n.3

*Trans World Airlines, Inc. v. Thurston*,
469 U.S. 111 (1985)...........................................................................................5, 8

*Vidoni v. Acadia Corp.*,
2012 U.S. Dist. LEXIS 59967 (D. Me. Apr. 27, 2012) .........................................4, 7 n.2, 8, 11

**STATUTES**

Fair and Accurate Credit Transaction Act of 2003 ................................................................ *passim*

**OTHER AUTHORITIES**

FRCP 8 ............................................................................................................................................5

FRCP 11 ....................................................................................................................................6, 7 n.3

Defendants Wolfgang's Steakhouse, Inc. and ZMF Restaurants LLC (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Second Amended Complaint ("SAC") filed by Plaintiff Cynthia M. Fullwood ("Plaintiff").[1]

## INTRODUCTION

Finding that Plaintiff's First Amended Complaint ("FAC") did not plausibly allege a reckless or willful violation of the Fair and Accurate Credit Transaction Act of 2003 ("FACTA"), the Court held "that a defendant willfully violates FACTA when, **with knowledge of what the law requires**, it intentionally, knowingly, or recklessly violates those requirements." Opinion at 11 (emphasis added).  The Court further clarified that, to plead reckless or willful behavior, "it is insufficient for a plaintiff to show merely that a defendant knew of the potential applicability of FACTA or that the statute was '*in the picture*.'"  *Id*. at 13 (emphasis added). "[A] complaint 'must plead sufficient facts to support a plausible inference that defendant knew that its conduct was violating the statute, and not simply that defendant knew about the existence of the statutory provision at issue.'"  *Id*.

In the FAC, Plaintiff made two types of allegations with respect to Defendants' purported knowledge of FACTA.  First, Plaintiff alleged that FACTA was widely publicized and that other merchants were aware of and complied with FACTA.  Second, Plaintiff alleged that credit card companies and other entities sent general notices to all merchants who accepted credit cards, including Defendants, requiring them to truncate credit card expiration dates on receipts.  While the Court posited that some higher degree of knowledge of FACTA's specific requirements could support an inference of willfulness or recklessness in certain circumstances, the Court

---

[1]    Defendants incorporate by reference herein their papers in support of their motion to dismiss Plaintiff's Amended Complaint (Dkt.##14, 15, 19, 20) and, as requested by the Court, focus herein on Plaintiff's additional allegations that appear only in the SAC.

1

found Plaintiff's allegations of Defendants' purported knowledge of FACTA "merely consistent with" a willful violation and thus did not plausibly state a claim.  Of note, Plaintiff made no allegations that any third party specifically informed Defendants that the credit card truncation requirements stemmed from FACTA, as opposed to the credit card companies' and other vendors' own best practices or policies.  The Court also reached its holding in light of the Defendants' partial compliance with FACTA's truncation requirements, which showed an "obvious alternative explanation" of negligence.  Opinion at 14-15.

Plaintiff now submits her SAC, swaths of which apparently were copied nearly verbatim from complaints in other FACTA actions.  The SAC first adds more general allegations: (1) about identity theft and the purpose, adoption, history and amendment of FACTA and (2) that FACTA was widely publicized and other merchants were aware of and complied with FACTA. As in the FAC, none of these allegations are specific to Defendants.  Such allegations could be and have been asserted against nearly every FACTA defendant.  At most, such allegations merely show that Defendants should have known FACTA was "in the picture" and thus are insufficient to show a reckless or willful violation.

The only new allegations in the SAC specific to Defendants are: (1) expanded allegations that credit card companies and other entities sent notices to all merchants who accept credit cards, including Defendants, about truncating credit card information and (2) allegations that Defendants' insurance policy excluded coverage for violations of FACTA.  With respect to the former, the allegations merely claim that Defendants, like all merchants who accept credit cards, received notices, buried within large documents, not to print credit card expiration dates as part of credit card and other company "guidelines" and "standards."  None of these allegations make any reference to FACTA itself or that the truncation requirements originate from the statute.

Moreover, at least one of these allegations—which allegations apparently were copied and pasted from prior complaints in actions against unrelated parties without any independent inquiry as to their validity—are demonstrably false and superseded by the actual documents referenced in the SAC.  With respect to the latter, Defendants' insurance policy did nothing more than make reference to FACTA by name on one page of a voluminous document, without explaining FACTA's requirements.  At most, Plaintiff's new allegations about Defendants' specific knowledge merely support an inference that Defendants knew that FACTA was "in the picture." They do not plausibly state a claim that Defendants acted recklessly or willfully.

To the extent the Court finds that Plaintiff's new allegations could create an inference that Defendants were aware of FACTA and its requirements, Plaintiff's pleading still fails to state a claim here, where Defendants partially complied with FACTA's requirements by properly redacting Plaintiff's credit card number.   Such partial compliance shows negligence as an "obvious alternative explanation" over the mere "possibility" that Defendants acted recklessly or willfully.  Indeed, what possible motivation would cause Defendants to comply with one section of FACTA, yet recklessly or willfully violate another provision?  While motive itself is not an element of a FACTA claim, such motive, lacking here, would be necessary to overcome the "obvious alternative explanation" of mere negligence.  Plaintiff's amended allegations simply do not "cross the line from a level of knowledge of FACTA's requirements from which it merely [is] possible to infer a willful violation, to a level from which it is plausible to infer such a violation," as required under *Iqbal* and *Twombly*.  Opinion at 14.

## ARGUMENT

## PLAINTIFF'S SECOND AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM

**I.     Plaintiff's Additional General Allegations about FACTA, Its Publicity and Compliance by Others Do Not Plausibly Show Defendants Knowingly or Recklessly Violated the Statute**

In the SAC, Plaintiff first submits expanded allegations: (1) concerning identity theft and the purpose, adoption, history and amendment of FACTA, *see* SAC ¶¶ 18-26, 29, 37-45, 47-48; and (2) that FACTA was widely publicized and other merchants were aware of and complied with FACTA, *see* SAC ¶¶ 30-36, 46.  As with similar allegations in the FAC, these allegations, which are mere fodder, are not specific to Defendants and have no bearing on Defendants' state of mind.  *See Crupar-Weinmann v. Paris Baguette Am., Inc.*, 2014 U.S. Dist. LEXIS 91119, at *11-12 (S.D.N.Y. June 29, 2014) ("generic allegations . . . applicable to nearly all entities that are subject to FACTA's requirements" failed "to establish either defendant's . . . knowing or reckless noncompliance"), *reconsideration denied*, 2014 U.S. Dist. LEXIS 122887 (S.D.N.Y. Sept. 2, 2014); *Seo v. CC CJV Am. Holdings, Inc.*, 2011 U.S. Dist. LEXIS 120246, at *5 (C.D. Cal. Oct. 18, 2011) ("that information about FACTA was available to" defendant did not show willful violation); *Gardner v. Appleton Baseball Club, Inc.,* 2010 U.S. Dist. LEXIS 31653, at *13-14 (E.D. Wis. Mar. 31, 2010) ("that most other businesses may have complied with FACTA raises no specific inference about willfulness on the part of [Defendant]").

Indeed, it appears that many of these additional allegations were copied nearly verbatim from numerous other FACTA complaints, including the complaint dismissed in *Vidoni v. Acadia Corp.*, 2012 U.S. Dist. LEXIS 59967 (D. Me. Apr. 27, 2012).  *See* Shimanoff Decl. ¶¶ 3-5 & Exs. B-D.  Such general allegations, which are applicable to all merchants who accept credit cards, do not plausibly show Defendants acted willfully or recklessly.  "*Twombly* and *Iqbal* teach

that such cut-and-paste jobs are not a substitute for real facts that plausibly 'show,' under Rule 8, that the Plaintiff is entitled to relief." *Gardner*, 2010 U.S. Dist. LEXIS 31653, at *16.  "Under *Iqbal* and *Twombly*, there has to be something more." *Id.*, at *14.

Moreover, to hold that such general allegations—which are applicable to all merchants who process credit card transactions—are sufficient to show a willful or reckless FACTA violation would make every FACTA violation willful or reckless.  Such a finding would wholly frustrate Congress's intent in creating FACTA's two-tiered liability scheme, which does not allow statutory damages for negligent behavior.  *See Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 (1985).  *See also* Opinion at 10 ("it would be odd to assume that Congress created a two-tiered liability scheme on the assumption that the negligence tier would come into play only where its statutory commands were unknown or incomprehensible").

At most, Plaintiff's generalized allegations merely create an inference that Defendants should have known FACTA was "in the picture," which inference does not show reckless or willful behavior.  Opinion at 13.

## II.    Plaintiff's Expanded Allegations about Defendants' Purported Actual Knowledge of FACTA Similarly Do Not Plausibly Show Defendants Knowingly or Recklessly Violated the Statute

The only new allegations in the SAC specific to Defendants are: (1) expanded allegations that credit card and other companies sent general notices to Defendants and other merchants informing them about truncating credit card information, *see* SAC ¶¶ 50-64; and (2) allegations that Defendants' insurance policy excluded coverage for FACTA violations, *see* SAC ¶¶ 67-70.  These allegations also do not plausibly show a willful or reckless FACTA violation.

### A.    Alleged Notices from Credit Card and Other Companies

Paragraphs 49 through 60 of the SAC merely reiterate Plaintiff's insufficient allegations in paragraphs 31 and 33 of the FAC that the rules and contracts of credit card companies such as

26598/017/1558913

Visa and MasterCard require redaction of the expiration date on a credit card receipt and that such rules and contracts were sent to Defendants.  While the SAC sets forth these allegations in slightly more detail than the FAC, the nature of the allegations remains the same in that they reference "two brochures, each dozens of pages in length, which contain a single remonstration each against printing expiration dates."  Opinion at 15.  Moreover, "neither of these brochures indicates that the importance of removing expiration dates stems from FACTA itself, as opposed to Visa's or MasterCard's determination of best practices."  *Id*.  To the contrary, the cited language specifically refers to itself as "guidelines" and "standards."  In accord with the Court's prior holding, these allegations do not plausibly show a reckless or willful FACTA violation.

Plaintiff next adds some vague, undetailed and conclusory allegations that various third parties—including credit card issuers, Defendants' merchant bank and POS provider and trade associations (most of whom are unnamed)—sent Defendants written information "***not to print credit and debit card expiration dates***."  SAC ¶¶ 61-64.  These vague allegations fail to provide any detail as to the specific nature of and language in the notices, including whether such language, similar to the credit card company rules and contracts, merely appears in one inconspicuous line among numerous other pages.  Nor do these allegations claim the redaction obligations arise from FACTA itself, as opposed to the vendor's "determination of best practices."  Opinion at 15.  Indeed, these allegations do not mention FACTA at all.

Moreover, it appears that Plaintiff merely copied such allegations nearly verbatim from other complaints, including the complaint dismissed in *Vidoni*, without conducting any reasonable inquiry into whether a good faith basis existed for making such allegations here, as is required pursuant to FRCP 11.  *Compare* SAC ¶¶ 61-64 with Shimanoff Decl. Ex. B ¶¶ 44-47

6

(*Vidoni* complaint) and complaints attached to Shimanoff Decl. Ex. D (identical allegations typically found in paragraphs 44-47 thereof).  For example, Plaintiff here alleges:

> Upon information and belief, prior to the transaction at issue, Defendants received monthly statements from its merchant bank (or other similar entity that performed credit and debit card payment clearing services for Defendants) which apprised Defendants of its obligation to not print credit and debit card expiration dates.

SAC ¶ 62.[2]  However, the actual monthly statements from Defendants' merchant bank in the three months preceding the one and only instance where Plaintiff alleges she received a non-compliant receipt ***do not make any reference*** to credit card truncation requirements or FACTA.  *See* Declaration of Lydia D'Amato Exs. A & B.  Because Plaintiff referenced these notices in the SAC, the Court may consider the actual notices as superseding the description of their contents in the pleading.  *See Barnum v. Millbrook Care Ltd. P'ship*, 850 F. Supp. 1227, 1232-33 (S.D.N.Y. 1994) ("if the allegations of a complaint are contradicted by documents made a part thereof, the document controls and the court need not accept as true the allegations of the complaint").  This "clear example of 'cut and paste' pleading" without any factual basis further supports Defendants' position that the SAC "utterly fails to state a claim."  *Givens v. Smith*, 2014 U.S. Dist. LEXIS 48916, at *7 n.12 (N.D. W. Va. Mar. 19, 2014).[3]

---

[2]     In this allegation in the SAC, Plaintiff failed even to change the singular pronoun "it" in the *Vidoni* and other prior complaints to the plural pronoun "them" to reflect that the allegations in Plaintiff's SAC here are made against two defendants, not one as in *Vidoni* and other prior unrelated actions.  *Compare* SAC ¶ 62 with Shimanoff Decl. Ex. B ¶ 45 (*Vidoni* complaint) and complaints in Shimanoff Decl. Ex. D (typically found in paragraph 45 therein).

[3]     Pursuant to FRCP 11, on January 29, 2014, Defendants put Plaintiff on notice of Defendants' intent to file a motion for sanctions.  *See* Shimanoff Decl. ¶ 8. Should Plaintiff fail to withdraw her unsupported allegations within the statutory-allotted "safe harbor" period, Defendants will file the motion for sanctions under FRCP 11 seeking to strike such allegations from the SAC.

Nonetheless, even if the alleged notices did mention FACTA, such notices would not show a reckless or willful violation of the statute. In *Trans World Airlines*, 469 U.S. at 128, the Supreme Court found mere knowledge of a statute was insufficient to state a claim for a willful violation ***where the defendant itself was required to post, and did post, notice of the law and its requirements on its own premises***. If daily on-premises notice was insufficient to show a willful violation in *Trans World Airlines*, then vague allegations about periodic notices from third parties certainly should be insufficient in this case. Indeed, in finding that mere knowledge of FACTA did not show a reckless or willful violation thereof, the Court in *Vidoni* made specific reference to allegations that are nearly identical to Plaintiff's allegations here. *See* 2012 U.S. Dist. LEXIS 59967, at *4-5 ("Defendant was apprised of FACTA's expiration date requirement through trade associations, agreements with credit card issuers, its bank or other entity that performed credit and debit card payment clearing services, and/or its point-of-sale providers").

**B.      Defendants' Insurance Policy and the Carrier's Denial of Coverage**

Paragraph 67 of the SAC alleges that, on October 29, 2013, Plaintiff's counsel received a copy of a letter from Defendants' insurance company denying coverage for Plaintiff's claims in this lawsuit because, *inter alia*, Defendants' policy specifically excludes coverage for violations of FACTA.[4]  Plaintiff then claims that "Defendants' failure to eliminate a liability for which it had been denied insurance coverage is either knowing or reckless." SAC ¶ 70.

---

[4]      The insurance carrier also stated it was denying coverage for the lawsuit based on the carrier's assessment that the lawsuit did not involve "bodily injury" or "property damage" and that the policy excludes claims for statutory damages. *See* Shimanoff Decl. Ex. E.  Because Plaintiff referenced and relied upon the letter and insurance policy in her Complaint, the Court may consider the actual documents on this motion to dismiss. *See Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000).

To the extent Plaintiff is alleging that Defendants continued to print non-compliant receipts after being put on specific notice that their insurance company would not cover the claims in this lawsuit, such an allegation is facially deficient.  The denial of coverage, which was in response to the filing of Plaintiff's original complaint, was sent on October 29, 2013, well after the one and only occasion on which Plaintiff alleges she dined at Wolfgang's Steakhouse and received a non-compliant receipt.  Such allegations thus could not show a reckless or willful violation with respect to Plaintiff.

To the extent Plaintiff is claiming that merely purchasing an insurance policy that contained a provision excluding coverage for violations of FACTA shows reckless or willful conduct when the statute is violated, such allegations are unsustainable.  There simply is no logic in the leap from the exclusion of coverage in an insurance policy to willful or reckless behavior.  To the contrary, to the extent that Defendants were aware that their insurance policy excluded FACTA violations, wouldn't such knowledge more plausibly support an inference that Defendants' conduct merely was negligent?  Why would a party knowingly or recklessly violate a law when it knows coverage for such a violation is excluded from its insurance policy?

Moreover, the insurance policy, which is over fifty pages in length, makes reference to FACTA only on a single page among numerous other exclusions to the policy.  *See* Shimanoff Decl. Ex. F.  The policy merely references the statute by name and provides no information with respect to FACTA's purpose, text or requirements.  At best, these allegations merely support an inference that Defendants were or should have been on notice that there was a statute called FACTA, which inference does not show reckless of willful behavior.  *See* Opinion at 16.

Indeed, in *Crupar-Weinmann*, Judge Rakoff held that identical allegations would not support an inference of reckless or willful conduct:

> At oral argument, the Court asked plaintiff's counsel whether any additional evidence of willfulness existed, even if it was not pleaded in this Complaint. Counsel responded that, if given the opportunity to do so, plaintiff would assert, as further evidence of willfulness, that defendant's insurance company sent a letter indicating that it would not insure damages resulting from any violations by defendant of FACTA because the defendant and insurer had negotiated such an exception to coverage.  Again, this evidence could plausibly support an inference that defendant was aware of the requirements of FACTA, but, as the Court has already made clear, evidence of defendant's knowledge of the statute in question, without anything more, fails to plausibly show that the defendant knowingly or recklessly violated the statute. The Court is convinced that plaintiff would not be able to plausibly plead a claim for willful violation of FACTA, even if she were given the opportunity to replead.

2014 U.S. Dist. LEXIS 91119, at *14-15 (citations omitted), *reconsideration denied*, 2014 U.S. Dist. LEXIS 122887, at *5 ("the allegations relating to insurance coverage do nothing more than show that defendant knew of FACTA's requirements").  Plaintiff's identical allegations here similarly are insufficient.

### III.   Plaintiff's Allegations that Defendants Partially Complied with FACTA Show, at Most, Negligent Behavior

Even if Plaintiff's allegations of notice could support a finding that Defendants had specific knowledge of FACTA and its requirements, such allegations would not plausibly show recklessness or willfulness here, where Defendants partially complied with FACTA.  In light of the "obvious alternative explanation" that Defendants' compliance with the credit card number redactions requirements of FACTA but failure to redact the expiration date were the result of negligence or inadvertence, the SAC merely show the "possibility" that Defendants acted recklessly or willfully and "stops short of the line between possibility and plausibility of entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 678, 682, 696 (2009).

Numerous courts thus have found a merchant's unsuccessful attempt to comply with FACTA showed negligence more plausible over recklessness or willfulness. *See, e.g., Crupar-Weinmann*, 2014 U.S. Dist. LEXIS 91119, at *13-14 ("that defendant changed its credit card

10

receipt to partially comply with FACTA's requirements **_renders implausible_** the claim that defendant was attempting to willfully evade FACTA's restrictions . . . . At best, the allegation in paragraph 34 supports an inference that defendant negligently violated FACTA") (emphasis added); *Vidoni*, 2012 U.S. Dist. LEXIS 59967, at *11-12 (allegations that defendant attempted to comply with FACTA by truncating the credit card numbers "support[ed] the inference that the Defendant was neither disregarding FACTA nor indifferent to its requirements"); *Alexander v. Golden Nugget, Inc.*, 2014 U.S. Dist. LEXIS 98682, at *8-9 (D. Nev. July 18, 2014) (no willfulness or recklessness where "Landry's was attempting to comply with FACTA"); *Najarian v. Charlotte Russe, Inc.*, 2007 U.S. Dist. LEXIS 95606, at *5-6 (C.D. Cal. Aug. 16, 2007) (no knowing violation where Defendant "attempted to comply with the new statutory provisions").

> This Court reached the same conclusion with respect to the FAC:

> Similarly, the fact that Defendants removed all but the last four digits of credit card numbers on their receipts, in partial compliance with FACTA, fails to persuade the Court that the failure to fully comply was willful rather than negligent. Given the 'obvious alternative explanation' of negligence, such allegations appear 'merely consistent with; a willful violation. *Twombly*, 550 U.S. at 567, 557.

Opinion at 15.

> The added allegations in the SAC at most merely show that Defendants were or should have been aware of FACTA's existence, and should not alter this Court's prior determination, especially in light of the absence of any plausible motive why Defendants would willfully or recklessly comply only with part of the statute. While motive *per se* is not an element of a FACTA claim, in light of Defendants' partial compliance with FACTA, allegations of a plausible motive showing willfulness or recklessness are necessary to overcome the more plausible inference of negligence. *See Crupar-Weinmann*, 2014 U.S. Dist. LEXIS 91119, at *13-14 ("Plaintiff neither alleges nor offers **_any reason_** for this Court to plausibly infer that the

defendant would know about FACTA's requirements and change its credit card receipt to comply with one portion of FACTA, but would intentionally, knowingly, or recklessly choose not remove the expiration date") (emphasis added); *Gardner*, 2010 U.S. Dist. LEXIS 31653, at *17 ("what did [defendant] stand to gain by printing a few extra digits on a receipt for a hot dog and subjecting itself to potential liability of $100 to $1,000 for each transaction?  Although willfulness includes recklessness, there is no suggestion of a motive in the complaint at all"). Plaintiff has not and cannot plausibly allege any motive here.

## CONCLUSION

Based on the foregoing, the Court should dismiss Plaintiff's Second Amended Complaint without leave to replead.

Dated: New York, New York  
       January 30, 2015

Respectfully submitted,

COWAN, LIEBOWITZ & LATMAN, P.C.

By:    s/ Eric J. Shimanoff        

Eric J. Shimanoff (ejs@cll.com)  
Joel K. Schmidt (jks@cll.com)  
1133 Avenue of the Americas  
New York, New York 10036  
(212) 790-9200  
*Attorneys for Defendants*

12