

Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY  10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Eric J. Shimanoff**
(212) 790-9226
ejs@cll.com

February 27, 2015

<u>Via ECF and Email</u> (Failla_NYSDChambers@nysd.uscourts.gov)

Hon. Katherine Polk Failla
United States District Judge
United States District Court, Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

   Re: <u>Fullwood v. Wolfgang's Steakhouse, Inc.</u>, No. 13 Civ. 7174

Dear Hon. Judge Failla:

  We represent Defendants Wolfgang's Steakhouse, Inc. and ZMF Restaurants LLC in the above-referenced action.  Pursuant to Rule 4.A of Your Honor's Individual Rules of Practice in Civil Cases, we write to inform the Court of Defendants' intent to file a motion pursuant to Rule 11 for sanctions striking from Plaintiff's Second Amended Complaint ("SAC") any and all allegations where Plaintiff and her counsel failed to conduct a reasonable inquiry into whether such factual contentions do have or will have factual support.  Such allegations include those set forth in paragraph 62 of the SAC that Defendants received monthly notices from their credit card transaction clearing providers, informing Defendants to redact expiration dates on credit card receipts.  These allegations, which apparently merely were copied nearly verbatim from prior FACTA complaints filed against unrelated parties without any investigation, are without basis.

  By signing the SAC, Plaintiff's counsel certified that, "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances  . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(b).  "Rule 11 requires attorneys to take responsibility for the claims they present by requiring them to make a reasonable inquiry to assure that the claims represented by them are well-grounded in both law and fact."  <i>Murphy v. Cuomo</i>, 913 F. Supp. 671, 682 (N.D.N.Y 1996).

  Based on Defendants' investigation, it appears that, instead of conducting a reasonable inquiry into certain facts underlying Plaintiff's claims, Plaintiff and her counsel merely copied nearly verbatim large swaths of the SAC from previously-filed complaints in unrelated FACTA actions.  By way of example, attached hereto is a chart comparing the allegations set forth in

**Cowan, Liebowitz & Latman, P.C.**
Hon. Katherine Polk Failla
February 27, 2015
Page 2

paragraphs 61-64 of the SAC with nearly identical allegations in nine other FACTA complaints. Such copied allegations include those set forth in paragraph 62 of the SAC that:

> prior to the transaction at issue, Defendants received monthly statements from its merchant bank (or other similar entity that performed credit and debit card payment clearing services for Defendants) which apprised Defendants of its obligation to not print credit and debit card expiration dates.

While Rule 11 does not prohibit the use of form or model pleadings, "a party who uses such pleadings is still subject to Rule 11's command to undertake a reasonable inquiry to ensure that the complaint is well grounded in fact and law." *Martin v. Farmers First Bank*, 151 F.R.D. 44, 48 (E.D. Pa. 1993). Had Plaintiff and her counsel conducted a reasonable investigation as required under Rule 11, as opposed merely to copying and pasting such allegations from other FACTA pleadings, they would have learned that the allegations set forth in paragraph 62 of the SAC lack foundation and are unsustainable. As set forth in the previously-filed Declaration of Lydia D'Amato in Support of Defendants' Motion to Dismiss the SAC, the monthly statements referenced in paragraph 62 of the SAC do not make any reference to credit card truncation requirements or FACTA. *See* Dkt.#34, ¶¶ 5, 6 & Dkt.##34-1, 34-2.

Moreover, Plaintiff's actions here are particularly troublesome because the Court referenced and specifically relied upon Plaintiff's baseless allegations set forth in paragraph 62 of the SAC when granting Plaintiff leave to file the SAC. *See* Opinion at 15 (finding SAC may not be futile and inviting further briefing based in part on allegation that "Defendants were notified by multiple sources at least monthly of requirements created by FACTA itself").

Plaintiff's failure to conduct any reasonable inquiry here thus warrants the imposition of sanctions. *See Brown v. Ameriprise Fin. Servs.*, 276 F.R.D. 599, 606 (D. Minn. 2011) (imposing sanctions where Plaintiff "copied huge swaths [of her complaint] from a complaint in a different case against a different defendant"); *Greenfield v. United States Healthcare*, 146 F.R.D. 118, 126-27 (E.D. Pa. 1993) (imposing sanctions for merely copying allegations).

On January 29, 2015, Defendants served Plaintiff's counsel with Defendants' notice of motion for sanctions and a letter, with attachments, detailing the specific conduct that would be the subject of the intended motion as well as the legal basis for the motion. Plaintiff has yet to withdraw any allegations from the SAC or respond to such notice in any manner. Defendants now are prepared to file their motion.

Respectfully submitted,

s/ Eric J. Shimanoff

Attachment
cc:   All counsel of record (via ECF)

26598/017/1580461