FULLWOOD v. WOLFGANG'S STEAKHOUSE, INC., ET AL. [CASE NO. 13 CIV. 7174 (KPF)(HP)]
COMPARISON OF EXCERPTS BETWEEN SECOND AMENDED COMPLAINT AND OTHER COMPLAINTS

| *Fullwood v. Wolfgang Steakhouse, Inc.* [No. 13 Civ. 7174, S.D.N.Y] | *Buechler v. The Utter, LLC* [No. 13 Civ.1066, D. Md.] | *Dover v. Shoe Show, Inc.* [No. 12 Civ. 694, W.D. Pa.] | *Harvey v. Elliott's Hardware, Inc.* [No. 12 Civ. 00027, E.D. Tex.] | *Hooks v. Allens Boot Centers, Inc.* [No. 11 Civ. 00948, W.D. Tex.] | *Huckabee v. Baby's Burgers & Shakes, Inc.* [No. 11 Civ. 2214, M.D. Pa.] | *Mabary v. BB Franchising, Inc.* [No. 11 Civ. 621, E.D. Tex.] | *Orcutt v. National Baseball Hall of Fame and Museum, Inc.* [No. 12 Civ. 513, N.D.N.Y.] | *Richards v. The Tasting Room Wines and Tapas, Inc.* [No. 13 Civ. 702, M.D. Fla.] | *Vidoni v. Acadia Corp.* [No. 11 Civ. 448, D. Me.] |
|---|---|---|---|---|---|---|---|---|---|
| 61. Upon information and belief, prior to the transaction at issue, Defendants received periodic communications from credit card issuers advising them to not print credit and debit card expiration dates. | 44. Upon information and belief, prior to the transaction at issue, Defendant received periodic communications from credit card issuers advising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 44. Upon information and belief, prior to the transaction at issue, Defendant received periodic communications from credit card issuers advising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 43. Upon information and belief, prior to the transaction at issue, Defendant received periodic communications from credit card issuers advising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 44. Upon information and belief, prior to the transaction at issue, Defendant received periodic communications from credit card issuers advising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 43. Upon information and belief, prior to the transaction at issue, Defendant received periodic communications from credit card issuers advising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | | 47. Upon information and belief, prior to the transaction at issue, Defendant received periodic communications from credit card issuers advising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 44. Upon information and belief, prior to the transaction at issue, Defendant received periodic communications from credit card issuers advising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 44. Upon information and belief, prior to the transaction at issue, Defendant received periodic communications from credit card issuers advising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. |

FULLWOOD v. WOLFGANG'S STEAKHOUSE, INC., ET AL. [CASE NO. 13 CIV. 7174 (KPF)(HP)]
COMPARISON OF EXCERPTS BETWEEN SECOND AMENDED COMPLAINT AND OTHER COMPLAINTS

| *Fullwood* (cont.) | *Buechler* (cont.) | *Dover* (cont.) | *Harvey* (cont.) | *Hooks* (cont.) | *Huckabee* (cont.) | *Mabary* (cont.) | *Orcutt* (cont.) | *Richards* (cont.) | *Vidoni* (cont.) |
|---|---|---|---|---|---|---|---|---|---|
| 62. Upon information and belief, prior to the transaction at issue, Defendants received monthly statements from its merchant bank (or other similar entity that performed credit and debit card payment clearing services for Defendants) which apprised Defendants of its obligation to not print credit and debit card expiration dates. | 45. Upon information and belief, prior to the transaction at issue, Defendant received monthly statements from its merchant bank (or other similar entity that performed credit and debit card payment clearing services for Defendant) which apprised Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 45. Upon information and belief, prior to the transaction at issue, Defendant received monthly statements from its merchant bank (or other similar entity that performed credit and debit card payment clearing services for Defendant) which apprised Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 44. Upon information and belief, prior to the transaction at issue, Defendant received monthly statements from its merchant bank (or other similar entity that performed credit and debit card payment clearing services for Defendant) which apprised Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 45. Upon information and belief, prior to the transaction at issue, Defendant received monthly statements from its merchant bank (or other similar entity that performed credit and debit card payment clearing services for Defendant) which apprised Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 44. Upon information and belief, prior to the transaction at issue, Defendant received monthly statements from its merchant bank (or other similar entity that performed credit and debit card payment clearing services for Defendant) which apprised Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 42. Plaintiff believes that she will be able to prove that Defendant received monthly statements from its merchant bank (or other similar entity that performed credit and debit card payment clearing services for Defendant) which apprised Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 48. Upon information and belief, prior to the transaction at issue, Defendant received monthly statements from its merchant bank (or other similar entity that performed credit and debit card payment clearing services for Defendant) which apprised Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 45. Upon information and belief prior to the transaction at issue, Defendant received monthly statements from its merchant bank (or other similar entity that performed credit and debit card payment clearing services for Defendant) which apprised Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 45. Upon information and belief, prior to the transaction at issue, Defendant received monthly statements from its merchant bank (or other similar entity that performed credit and debit card payment clearing services for Defendant) which apprised Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. |

26598/017/1580296

FULLWOOD v. WOLFGANG'S STEAKHOUSE, INC., ET AL. [CASE NO. 13 CIV. 7174 (KPF)(HP)]
COMPARISON OF EXCERPTS BETWEEN SECOND AMENDED COMPLAINT AND OTHER COMPLAINTS

| *Fullwood* (cont.) | *Buechler* (cont.) | *Dover* (cont.) | *Harvey* (cont.) | *Hooks* (cont.) | *Huckabee* (cont.) | *Mabary* (cont.) | *Orcutt* (cont.) | *Richards* (cont.) | *Vidoni* (cont.) |
|---|---|---|---|---|---|---|---|---|---|
| 63. Upon information and belief, prior to the transaction at issue, Defendants received written information from its POS (Point of Sale) provider(s) apprising Defendants not print credit and debit card expiration dates. | 46. Upon information and belief, prior to the transaction at issue, Defendant received written information from its POS (Point of Sale) provider(s) apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 46. Upon information and belief, prior to the transaction at issue, Defendant received written information from its POS (Point of Sale) provider(s) apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 45. Upon information and belief, prior to the transaction at issue, Defendant received written information from its POS (Point of Sale) provider(s) apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 46. Upon information and belief, prior to the transaction at issue, Defendant received written information from its POS (Point of Sale) provider(s) apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 45. Upon information and belief, prior to the transaction at issue, Defendant received written information from its POS (Point of Sale) provider(s) apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 44. Plaintiff believes that she will be able to prove that despite this knowledge, Defendant provided a paper receipt to Plaintiff at the point of sale that displayed the expiration date of Plaintiff^s account number. | 49. Upon information and belief, prior to the transaction at issue, Defendant received written information from its POS (Point of Sale) provider(s) apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 46. Upon information and beliet prior to the transaction at issue, Defendant received written information from its POS (Point of Sale) provider(s) apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 46. Upon information and belief, prior to the transaction at issue, Defendant received written information from its POS (Point of Sale) provider(s) apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. |

26598/017/1580296

FULLWOOD v. WOLFGANG'S STEAKHOUSE, INC., ET AL. [CASE NO. 13 CIV. 7174 (KPF)(HP)]
COMPARISON OF EXCERPTS BETWEEN SECOND AMENDED COMPLAINT AND OTHER COMPLAINTS

| *Fullwood* (cont.) | *Buechler* (cont.) | *Dover* (cont.) | *Harvey* (cont.) | *Hooks* (cont.) | *Huckabee* (cont.) | *Mabary* (cont.) | *Orcutt* (cont.) | *Richards* (cont.) | *Vidoni* (cont.) |
|---|---|---|---|---|---|---|---|---|---|
| 64. Upon information and belief, prior to the transaction at issue, Defendants received information from trade associations and/or other similar entities apprising Defendants of its obligation to not print credit and debit card expiration dates. | 47. Upon information and belief, prior to the transaction at issue, Defendant received information from trade associations and/or other similar entities apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 47. Upon information and belief, prior to the transaction at issue, Defendant received information from trade associations and/or other similar entities apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 46. Upon information and belief, prior to the transaction at issue, Defendant received information from trade associations and/or other similar entities apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 47. Upon information and belief, prior to the transaction at issue, Defendant received information from trade associations and/or other similar entities apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 46. Upon information and belief, prior to the transaction at issue, Defendant received information from trade associations and/or other similar entities apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 43. Plaintiff believes that she will be able to prove that Defendant received information from trade associations and/or other similar entities apprising Defendant of its obligations to truncate credit and debit card account numbers and expiration dates. | 50. Upon information and belief, prior to the transaction at issue, Defendant received information from trade associations and/or other similar entities apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 47. Upon information and belig prior to the transaction at issue, Defendant received information from trade associations and/or other similar entities apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. | 47. Upon information and belief, prior to the transaction at issue, Defendant received information from trade associations and/or other similar entities apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. |

4