# FRANK & BIANCO LLP

**ATTORNEYS AT LAW**

275 MADISON AVENUE
SUITE 801
NEW YORK, N.Y. 10016
212 682 1818
212 682 1892 FAX

info@frankandbianco.com
www.frankandbianco.com

March 4, 2015

**Via ECF and E-mail:  Failla_NYSDCChambers@nysdcourts.gov**

Hon. Katherine Polk Failla
United States District Judge, Southern District of New York
40 Foley Square
New York, NY 10007

Re:  *Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13 Civ. 7174 (KPF)

Dear Judge Failla:

We represent Cynthia Fullwood, the plaintiff in the above-captioned Action.  Pursuant to Rule 4.A of Your Honor's Individual Rules of Practice in Civil Cases, we write in opposition to Defendants' letter of February 27, 2015.

I.  Defendants' Requested Motion Is Patently Improper

In our largely self-regulated profession, zealous advocacy by any attorney is certainly expected.  However, certain offensive tactics which go beyond the bounds of civility and mutual professional respect cannot be tolerated.  In the instant case, Defendants' unwarranted Rule 11 sanctions motion has crossed the line from zealous advocacy to what can only be characterized as misconduct.

Defendants' proposed motion is an egregiously inappropriate attempt to strike key allegations that they cannot refute from Plaintiff's Second Amended Class Action Complaint ("SAC"), in lieu of the appropriate procedure of a motion to dismiss or to strike.  It is these very same allegations that Your Honor indicated might prove sufficient to withstand dismissal. This contumacious conduct should not be condoned by the Court.

Sanctions are generally prescribed "only in the exceptional circumstance where a claim or motion is patently unmeritous or frivolous."  *Robinson v. New Jersey*, 2013 U.S. Dist. LEXIS 64711, at *4 (D.N.J. May 7, 2013) (citation omitted).  "The purpose behind Rule 11 is to deter *abusive litigation tactics . . . .*"  *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003) (citations omitted; emphasis supplied).  It is not a device to be used, as Defendants urge here, to litigate the sufficiency or efficacy of the pleadings.  *Id.* at 416 (noting that "[t]he Advisory Committee Notes for Rule 11 explain that 'Rule 11 motions . . . should not be employed . . . to test the sufficiency or efficacy of allegations in the pleadings; *other motions are available for those purposes.*'").

Defendants' motion would ask this Court to impose such a "serious" and "exceptional" penalty upon Plaintiff for no reason other than that four (4) paragraphs of Plaintiff's seventy-six (76) paragraph SAC are similar to allegations contained in numerous complaints seeking the same relief, for the same conduct, arising under the same statute.  Indeed, it would have been

# FRANK & BIANCO LLP

Hon. Katherine Polk Failla
March 4, 2015
Page 2

exceptionally odd if all of such complaints did not contain similar allegations.

Confusingly, Defendants do not dispute that "copying [allegations] is not inherently problematic," relying on *Martin v. Farmers First Bank*, 151 F.R.D. 44, 48 (E.D. Pa. 1993) ("Rule 11 does not prohibit the use of form or model pleadings."). In fact, this court has found that allegations from other complaints may be incorporated into a complaint, provided that they are "combined with material the plaintiff has investigated personally that lends credence to the borrowed allegations." *Homeward Residential, Inc. v. Sand Canyon Corp.*, No. 13 Civ. 2107, 2014 WL 2510809, at *7 (S.D.N.Y. May 28, 2014) (citations omitted); *see also In re Bear Stearns Mortg. Pass-Through Certificates Litig.*, 851 F. Supp. 2d 746, 768, n.24 (S.D.N.Y. 2012).

II.     Plaintiff Conducted an Appropriate Inquiry

Courts considering Rule 11 motions apply an "objective standard of reasonableness under the circumstances" to a party's conduct, and then "weigh the evidence to determine if counsel's pleadings, motions or papers are well-grounded in fact or warranted by existing law." *Id.* A litigant need only conduct an "inquiry reasonable under the circumstances" to determine whether the "factual contentions have evidentiary support or, *if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.*" *Id.* (citing Fed. R. Civ. P. 11(b)(3)) (emphasis added). Each of the four paragraphs Defendants object to were alleged "Upon information and belief," because such allegations relate to facts that are exclusively within the control of Defendants. Nevertheless, those allegations were properly and reasonably researched.

Defendants cite two cases in support of their position that sanctions should be imposed in this Matter. Both are inapposite. In *Brown v. Ameriprise Fin. Servs., Inc.*, the court found that sanctions were warranted where **at least 59 paragraphs** had been copied from another complaint and where the complaint copied "specific, detailed allegations regarding policies and procedures that were applicable to [the defendant in the earlier case], but for which there [was] no evidence of applicability to the [d]efendant [in the present case]." 276 F.R.D. 599, 604 (D. Minn. 2011). The second case cited by Defendants, *Martin*, granted sanctions where the plaintiff's complaint was nothing but a wholesale copy of another complaint that had been previously dismissed. 151 F.R.D. at 48-49. The plaintiff in *Martin* did not even research the statutes that were set forth in its complaint, citing language that was either not in the statute or including statutes where there were absolutely no facts alleged to support violations of those statutes. *Id.*

This is a far cry from the SAC, for which counsel conducted an inquiry into all of the factual contentions, and which contains four (4) paragraphs out of seventy-six (76) paragraphs that are similar to those found in multiple other complaints that arise from the conduct prohibited by the same statute. The paragraphs sit amongst numerous factual allegations that also support Plaintiff's claims. They apply equally to Defendants herein, as well as the various defendants in the compared complaints, because they relate to documents made available to merchants who, during the same approximate time period, processed credit and debit card transactions subject to the same rules and regulations.

# FRANK & BIANCO LLP

Hon. Katherine Polk Failla
March 4, 2015
Page 3

III.     <u>Defendant Has Not Shown the Allegations to Be Unsupported</u>

Notably, Defendants do not dispute the accuracy of three of the four paragraphs that they complain about.  With respect to the one remaining paragraph of the SAC, Defendants represent that the allegations contained in that paragraph "lack foundation and are unsustainable."  But the evidence Defendants supply does not refute that allegation: "Upon information and belief, prior to the transaction at issue, Defendants received monthly statements from its merchant bank . . . which apprised Defendants of its obligation to not print credit and debit card expiration dates."  SAC ¶62.  Defendants' "evidence," an untested declaration of a "member" of one of the Defendants, Lydia D'Amato, does **not** even state that the allegations regarding Defendants' receipt of such notifications are untrue.  On the contrary, the declaration attaches only three (3) of those monthly statements from one of the restaurants Defendants own (and not the others that Defendants hid from the Court) thereby <u>supporting</u> the allegation that Defendants received monthly statements from its merchant bank.  Moreover, the fact that the cherry-picked statements do not mention FACTA's requirements shows nothing.  The declaration says nothing of the seven years' worth of monthly statements that preceded those put before the Court.  The declaration says nothing of the seven years' worth of monthly statements from Defendants' other restaurants that Defendants hid.  And, the declaration says nothing about the package inserts that came with the monthly statements.

Defendants cannot meet the heavy burden of demonstrating that Rule 11 sanctions should be imposed here.  Were the Court to accept Defendants' position, Defendants' could avoid liability by eliminating key allegations not because they are untrue, but because Defendants say that Plaintiff couldn't know they were true, without even submitting a sworn statement that the allegations are, in fact, false.  Such a determination would endorse a wholly inappropriate and abusive litigation tactic.

Plaintiff respectfully requests that Defendants be denied leave to move for sanctions.  In the alternative, since Defendants have placed "evidence" before the Court, Plaintiff respectfully requests F.R.C.P. Rule 34 document discovery of all of Defendants' monthly statements from all of Defendants' restaurants, including all of the inserts sent with those statements. Plaintiff would then be in a position to take the deposition of Declarant D'Amato. Finally, because Defendants' motion itself was brought for an improper purpose and constitutes an abuse of the judicial process, Defendants' conduct, itself, is subject to sanctions. *Safe-Strap Co*., 270 F. Supp. 2d at 421. ("Thus, where a party's motion for Rule 11 sanctions is not well grounded in fact or law, or is filed for an improper purpose, a court may find itself in the position of imposing Rule 11 sanctions on the moving party and/or her attorney.") (citations omitted).  To the extent that the Court grants Defendants leave to move for sanctions, Plaintiff respectfully requests the right to cross-move for sanctions based upon the frivolity of the subject motion.

Respectfully submitted,
s/ Marvin L. Frank

cc:   Counsel of record (via ECF)