Eric J. Shimanoff (ejs@cll.com)
Joel K. Schmidt (jks@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY  10036-6799
(212) 790-9200
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

CYNTHIA M. FULLWOOD, individually and on behalf of all others similarly situated,

                                Plaintiff,

    against

WOLFGANG'S STEAKHOUSE, INC. and ZMF RESTAURANTS LLC,

                                Defendants.

-------------------------------------------------------------- x

No. 13 Civ. 7174 (KPF) (HP)

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS' MOTION TO DISMISS
<u>PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

## Table of Contents

Page

INTRODUCTION ...........................................................................................................1

ARGUMENT .................................................................................................................1

I.   The Court Applied the Proper Test for Whether Plaintiff Plausibly Has
     Pleaded a Willful FACTA Violation .................................................................1

II.  Plaintiff Has Failed to Reconcile Her Allegation of Partial Compliance
     with Her Allegations of Knowing or Reckless Behavior.....................................4

III. Defendants' Actual Merchant Bank Statements Further Show Plaintiff's
     Claims Lack the Requisite Plausibility .............................................................6

IV.  Plaintiff Has Not Plausibly Alleged a Reckless Pattern of Violations .............8

CONCLUSION...............................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Armalite, Inc. v. Lambert,*
    544 F.3d 644 (6th Cir. 2008) ................................................................8, 9

*Crupar-Weinmann v. Paris Baguette Am., Inc.,*
    2014 U.S. Dist. LEXIS 91119 (S.D.N.Y. June 29, 2014) ......................................4

*Gardner v. Appleton Baseball Club, Inc.,*
    2010 U.S. Dist. LEXIS 31653 (E.D. Wis. Mar. 31, 2010) ......................................4

*Jones v. Halstead Mgmt. Co.,*
    2015 U.S. Dist. LEXIS 12807 (S.D.N.Y. Jan. 27, 2015) ...............................1, 7 n.4

*Kamal v. J. Crew Group,*
    No. 15 Civ. 190 (D.N.J.) .................................................................6

*Katz v. ABP Corp.,*
    2013 U.S. Dist. LEXIS 78476 (E.D.N.Y. May 31, 2013) ..................................5 n.3

*Katz v. Donna Karan Int'l, Inc.,*
    2015 U.S. Dist. LEXIS 11536 (S.D.N.Y. Jan. 29, 2015) ......................................5

*Safeco Ins. Co. of America v. Burr,*
    551 U.S. 47 (2007) ......................................................................1

*Smith v. E-BackgroundChecks.com, Inc.,*
    2014 U.S. Dist. LEXIS 181038 (N.D. Ga. Nov. 5, 2014) ..................................9 n.6

*Smith v. Hireright Solutions, Inc.,*
    711 F. Supp. 2d 426 (E.D. Pa. 2010) ...................................................9 n.6

*Tempelman v. Trans Union, LLC*,
    2015 U.S. Dist. LEXIS 7615 (D.N.J. Jan. 22, 2015) ......................................9 n.6

*Trans World Airlines, Inc. v. Thurston*,
    469 U.S. 111 (1985) ....................................................................4 n.2


STATUTES

Fair and Accurate Credit Transaction Act of 2003 ("FACTA") ........................................... *passim*

**OTHER AUTHORITIES**

Restatement (Second) of Torts § 500 cmt. g (1965)....................................................... 4-5

Rule 12(b)(6)................................................................................................................5, 8

iii

## INTRODUCTION

In her papers in opposition to Defendants' motion to dismiss the SAC, Plaintiff makes many of the same unpersuasive arguments the Court already considered and rejected in its Opinion dismissing the FAC, including those concerning the proper standard for alleging a willful violation of FACTA. Plaintiff's other arguments fail to show how her additional allegations in the SAC demonstrate such knowledge of FACTA and its specific requirements that the allegations cross the line from showing mere negligence to a plausible reckless or knowing violation of the statute. As in the FAC, at most, Plaintiff's allegations in the SAC merely create an inference that Defendants' knew or should have known that FACTA was in the picture, not that Defendants' non-compliance with one provision of the statute was knowing or reckless.

## ARGUMENT

**I.    The Court Applied the Proper Test for Whether Plaintiff Plausibly Has Pleaded a Willful FACTA Violation**

Plaintiff spends a good deal of her brief arguing that the Court adopted and applied the wrong standard for determining what constitutes a willful violation of FACTA, seemingly asserting that the Court ignored an "alternate" objective analysis set forth in *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007) and applied in *Jones v. Halstead Mgmt. Co.*, 2015 U.S. Dist. LEXIS 12807 (S.D.N.Y. Jan. 27, 2015). As the Court correctly noted, while *Safeco* clearly establishes that willfulness encompasses both knowing and reckless behavior, the specific holding of *Safeco*, which involved whether a defendant's proffered interpretation of FACTA was objectively unreasonable, is inapplicable to the situation before the Court, where the interpretation of FACTA is not in dispute. Nor could it have been Congress's intention that negligence would come into play only where the statute was open to more than one interpretation. *See* Opinion at 10.

1

Moreover, there is nothing in the Opinion to suggest that the Court did not view Defendants' actions objectively when finding the FAC failed to allege a knowing or willful violation with the requisite plausibility.  Nor is there anything to suggest that the Court focused only on whether Defendants' violation was knowing, as opposed to reckless.  To the contrary, the Court specifically focused on both types of conduct, which are specifically delineated in the Court's definition of a willful violation.  *See*, *e.g.*, Opinion at 11, 13, 14.

While Plaintiff's allegations in the SAC fail even to show that Defendant had actual knowledge of FACTA's specific requirements, to the extent they do create a reasonable inference that Defendants knew FACTA was in the picture, they do not show such sufficiency of knowledge that crosses the line from a possible to a plausible knowing or reckless violation.

As set forth in Defendants' moving papers, the SAC fails to make allegations that any third party—whether a credit card vendor, merchant bank or otherwise—specifically informed Defendant that any credit card truncation requirement stemmed from FACTA, as opposed to the companies' own best practices through language buried within large documents.  Some of these allegations are too vague and conclusory to create any inference at all.  *See*, *e.g.*, SAC ¶¶ 61-64 (failing to specify, for example, the detail, context, delivery method and frequency of such alleged notices).  Indeed, the generalized allegations set forth in paragraphs 61, 63 and 64 of the SAC are merely duplicative of the allegations in paragraph 31 of the FAC, which prior allegations the Court already considered and rejected as supporting a plausible claim of knowing or reckless behavior.  The Court similarly already considered Plaintiff's allegations in paragraphs 49-60 of the SAC concerning Visa and MasterCard rules and guidelines and rejected the

argument that such allegations showed a plausible knowing or reckless FACTA violation.  *See* Opinion at 3, 15.[1]

Defendants' insurance policy did nothing more than make reference to FACTA by name on one page of a voluminous document, without even explaining FACTA's requirements. Other than by merely reiterating verbatim her allegations in paragraphs 67-70 of the SAC concerning Defendants' insurance policy, Plaintiff does not even attempt to explain how these allegations show such sufficient knowledge of FACTA's requirements from which to infer a knowing or reckless violation.  Plaintiff's argument that parties are bound by their contracts is immaterial.  The issue is not whether the exclusion in the insurance contract is binding.  The issue is whether the nature and appearance of the language in the insurance policy shows such a sufficient level of knowledge of FACTA and its requirements from which a knowing or reckless violation plausibly can be inferred.  They do not.

Plaintiff's other general allegations concerning FACTA, its enactment, amendment and publicity, and actions taken by unrelated third parties, do not speak to whether Defendants here had such knowledge of FACTA and its requirements from which a knowing or reckless violation plausibly can be inferred.  Indeed, Plaintiff's allegations of FACTA's "extensive publicity" merely consist of: (1) two newsletters to restaurant trade association members and an article in one business magazine, each in states where Defendants are not alleged to transact business; (2) newsletters from a convenience store trade association and an insurance broker trade association,

---

[1]     Although the language of these guidelines was not detailed in the FAC, Plaintiff submitted the guidelines to the Court in opposition to Defendants' motion to dismiss the FAC, *see* Dkt.#18 (Exs. A & B), which guidelines the Court considered as incorporated by reference in the FAC.

which industries are unrelated to Defendants and their business; and (3) an employee handbook for one government office. *See* SAC ¶¶ 31-36.[2]

## II.   Plaintiff Has Failed to Reconcile Her Allegation of Partial Compliance with Her Allegations of Knowing or Reckless Behavior

Plaintiff's allegations that Defendants partially complied with FACTA by properly redacting the credit card numbers also makes it far more plausible that Defendants' conduct was the result of mere inadvertence or negligence rather than knowing or reckless behavior. Plaintiff's opposition papers fail to reconcile this conflict, arguing instead that motive is not an element of a FACTA claim.

Plaintiff misconstrues Defendants' arguments concerning motive.  Defendants do not argue that motive is a specific element of FACTA or that every FACTA plaintiff must show motive to state a plausible claim.  Consistent with the holdings in *Gardner v. Appleton Baseball Club, Inc.*, 2010 U.S. Dist. LEXIS 31653 (E.D. Wis. Mar. 31, 2010) and *Crupar-Weinmann v. Paris Baguette Am., Inc.*, 2014 U.S. Dist. LEXIS 91119 (S.D.N.Y. June 29, 2014), where a plaintiff alleges that a defendant knew of, yet only partially complied with, FACTA's redaction requirements, absent more, the plausible inference is that such failure was the result of negligent, not reckless, behavior.  That is because such allegations generally are inconsistent with the "conscious choice" required to show reckless behavior.  Restatement (Second) of Torts, § 500

---

[2]      This Court's Opinion is wholly consistent with the Supreme Court's discussion of recklessness in *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128-30 (1985).  In *Trans World Airlines*, the Court found that, given the overall context of the facts before it, including balancing obligations in a union contract, it was more likely that the defendant "simply overlooked the challenged aspect of the new plan" than that the defendant acted with reckless disregard for the ADEA's requirements.  *Id*. at 130.  Similarly here, given the context of the allegations of Defendants' purported "notice" of FACTA and Defendants' compliance with all but one clause of the statute, it is far more likely that Defendants' actions were the result of mere inadvertence or oversight than reckless disregard.

4

cmt. g (1965).  In these circumstances, something more, such as sufficient allegations concerning motive, could help a complaint cross the line from possibility to plausibility.

Thus, in *Katz v. Donna Karan Int'l, Inc.*, 2015 U.S. Dist. LEXIS 11536 (S.D.N.Y. Jan. 29, 2015), an opinion made publicly available the same day that Defendants filed their motion to dismiss, Judge Crotty dismissed allegations similar to those made here that (1) defendants were on specific notice of FACTA's requirement though numerous communications from credit card and other companies and (2) defendants partially complied with FACTA.[3]  Citing with approval Judge Rakoff's opinion in *Crupar-Weinmann*, Judge Crotty held:

> Certainly, there are sufficient factual allegations to infer Defendants knew of FACTA's applicability, but there are no factual allegations supporting a plausible inference that Defendants knew their conduct violated the truncation requirement or that Defendants ***consciously chose*** to violate FACTA.  Moreover, Plaintiff's claim is rendered further implausible by the complaint's ***failure to reconcile*** Defendants' partial compliance—redacting credit card expiration dates and all digits unique to the cardholder—with its alleged willful non-compliance.

*Id*. at *5 (emphasis added).  *See also id*. at *6 (finding plaintiff's argument to the contrary "not only erodes the difference between negligence and recklessness, but it also renders the pleading standards imposed by Rule 12(b)(6) meaningless; in practice, it would essentially permit all plaintiffs alleging willful FACTA violations to bypass Rule 12(b)(6) and proceed to discovery/summary judgment").  Plaintiff here does not, and cannot, allege any reason that would reconcile her allegations of partial compliance with her claim of knowing or reckless behavior.

---

[3]    In *Donna Karan*, plaintiff alleged that she received a receipt that printed the first six and last four digits of her credit card number but properly redacted the remaining numbers and the expiration date.  *Id*. at *1.  The plaintiff in *Donna Karan* is the same serial-FACTA plaintiff in *Katz v. ABP Corp.*, 2013 U.S. Dist. LEXIS 78476 (E.D.N.Y. May 31, 2013), an opinion rejected by this Court.  *See* Opinion at 13 n.5.

Plaintiff also argues that a plaintiff never could allege a motive why a defendant only would partially comply with FACTA's redaction to its own benefit.  But this argument is belied by allegations made by Plaintiff's own counsel in their complaint in *Kamal v. J. Crew Group*, Inc., No. 15 Civ. 190 (D.N.J.) (Dkt.#1, ¶¶ 48-50), which pleading alleges that the defendants' partial compliance with FACTA was for their own benefit, namely to monitor customer's specific purchases returns and share such data nationally with other stores.  Just because Plaintiff here cannot allege any such motive is not a basis upon which to ignore its relevance to whether Plaintiff plausibly has stated a claim.

## III.   Defendants' Actual Merchant Bank Statements Further Show Plaintiff's Claims Lack the Requisite Plausibility

Plaintiff's allegations in paragraph 62 of the SAC that Defendants received monthly statements from their credit card clearing service provider informing Defendants not print credit card expiration dates fails to show such a level of knowledge of FACTA from which to infer knowing or reckless behavior with the requisite plausibility.  As with Plaintiff's other deficient allegations in the SAC, these allegations are conclusory, lack any detail as to the context and timing of the notices and make no reference to FACTA itself or that any redaction requirements stem from the statute.  Although the allegation uses the word "monthly," it does not state these notices were sent every month or when such notices allegedly were sent in relation to the one and only time Plaintiff dined at Wolfgang's Steakhouse.

While not necessary to dismiss the SAC, consideration of the representative sample of the actual notices, which were attached to the D'Amato Declaration, further shows that this allegation fails to cross the line from possible to plausibly knowing or reckless conduct.[4]  These

---

[4]    Plaintiff's argument that the Court should not consider these statements because they fall outside the four corners of the SAC is contrary to well-settled law that the complaint includes the documents referenced therein and such documents may

26598/017/1583879

statements give context to and must be read in conjunction with the allegations concerning the statements. Not only do these statements negate any inference from Plaintiff's allegations that such truncation notices were sent every month (a point essentially conceded by Plaintiff's counsel during the parties' recent pre-motion conference on March 6, 2015), the statements show that, in the three months preceding the one and only occasion on which Plaintiff dined at Wolfgang's Steakhouse, the statements made no reference to credit card truncations requirements or FACTA.[5] While Plaintiff claims there ***could*** have been "inserts" sent in the same envelope as these statements, not only do Plaintiff's allegations fail to make any reference to such inserts (instead specifically alleging that the "statements" informed Defendants about truncation requirements), the "possibility" of inserts does not "plausibly" state a claim.

Plaintiff similarly claims there could have been references to FACTA in prior statements, based in part on the fact that two of the six statements have a section entitled "Attention," where such notices possibly could have been located. But again, possibility does not equal plausibility. That these statements lacked any notices about credit card truncation requirements makes it significantly more plausible that none of the statements contained any such notices. Indeed, the point of these statements is to reconcile, on the back end, the overall amounts of credit card charges that already have occurred, plus bank fees. They are not concerned with individual transactions or the details of what happens at the point of sale. Thus, not surprisingly, the

---

be considered on a motion to dismiss, a rule made clear by Plaintiff's own cited case, *Jones*, 2015 U.S. Dist. LEXIS 12807 at *14. Moreover, in its opposition to Defendants' motion to dismiss the FAC, Plaintiff itself submitted and asked the Court to rely upon representative Visa and MasterCard guidelines referenced in the FAC. *See* Dkt.#18 (Exs. A & B).

[5]     Given the hypothetical set forth by the Court (Opinion at 14), this time period appears most relevant to whether Defendants possessed sufficient knowledge of FACTA and its requirements from which plausible reckless or knowing behavior can be inferred.

"Attention" sections in the two statements before the Court detail changes in fees and bank rates, topics that are relevant to reconciliation and irrelevant to FACTA or printed credit card receipts.

Defendants are not asking this Court to make the ultimate determination as to whether Plaintiff's allegations in paragraph 62 of the SAC are false.  As proper on a Rule 12(b)(6) motion, Defendants instead ask, in light of the context and form of the six actual statements submitted to the Court, whether Plaintiff's generalized allegations allow the SAC to cross the line into plausibility.  They do not.

## IV.   Plaintiff Has Not Plausibly Alleged a Reckless Pattern of Violations

Misplacing reliance in *Armalite, Inc. v. Lambert*, 544 F.3d 644 (6th Cir. 2008), Plaintiff argues that Defendants' "pattern and practice" of violating FACTA plausibly shows a reckless violation.  But Plaintiff has not shown any such pattern or practice here.

In *Armalite*, the court found a firearms distributor, who failed to comply with the recordkeeping requirements of the Gun Control Act of 1968 ("GCA"), engaged in pattern of violations sufficient to show reckless conduct when: (1) during a 2004 compliance inspection, the ATF found numerous deficient records; (2) the ATF issued to the defendant a Report of Violations setting forth specific violations and instructions for corrective action; (3) the ATF warned the appellant that the agency would conduct a follow-up inspection and that any repeat violations could be deemed willful; and (4) the following year, during another inspection, the ATF found numerous forms continued to be deficient.  *Id*. at 649.

Here, Plaintiff alleges she dined at Wolfgang's Steakhouse on Park Avenue and received a non-compliant receipt ***on only one occasion***.  Unlike in *Armalite*, there are no allegations that any third party, regulatory or otherwise, alerted Defendants to their non-compliance prior to the transaction at issue.  Plaintiff similarly does not allege that Defendants continued to print non-compliant receipts after receiving notice of Plaintiff's claims.  Nor could Plaintiff make such

8

allegations.  Moreover, in *Armalite*, the appellant had violated numerous provisions of the GCA.  Here, Plaintiff alleges Defendants complied with all but one clause of FACTA.  Plaintiff's allegations here of Defendants' near-full compliance belie Plaintiff's claims that Defendants were willfully ignorant of FACTA's requirements.[6]

## CONCLUSION

In short, Plaintiff's allegations of Defendants' awareness of FACTA and its requirements are no different in scope and nature than they were in the FAC, and thus fail to state a claim for a knowing or reckless violation of FACTA with the requisite plausibility.  Having already amended her complaint once as of right and having been given sufficient opportunity to correct her deficient allegations in the FAC, Plaintiff's SAC should be denied with prejudice.

Dated: New York, New York  
      March 16, 2015

Respectfully submitted,  
COWAN, LIEBOWITZ & LATMAN, P.C.

By:   s/ Eric J. Shimanoff  
    Eric J. Shimanoff (ejs@cll.com)  
    Joel K. Schmidt (jks@cll.com)  
1133 Avenue of the Americas  
New York, New York 10036  
(212) 790-9200  
*Attorneys for Defendants*

---

[6]    Plaintiff's other cited cases do not advance her argument.  In *Tempelman v. Trans Union, LLC*, 2015 U.S. Dist. LEXIS 7615 (D.N.J. Jan. 22, 2015), as in *Armalite*, the violations continued after plaintiff put the defendant on specific notice of its violation.  In *Smith v. Hireright Solutions, Inc.*, 711 F. Supp. 2d 426 (E.D. Pa. 2010)—a case criticized for is lacking persuasive rationale, *see Smith v. E-BackgroundChecks.com, Inc.*, 2014 U.S. Dist. LEXIS 181038, at *38 (N.D. Ga. Nov. 5, 2014)—the plaintiff alleged that the defendant violated numerous different provisions of the FCRA several times against the same plaintiff.