

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY  10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Eric J. Shimanoff**
(212) 790-9226
ejs@cll.com

July 13, 2016

<u>Via ECF and Email</u> (Failla_NYSDChambers@nysd.uscourts.gov)

Hon. Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

   Re: <u>*Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13 Civ. 7174</u>

Dear Hon. Judge Failla:

  We represent defendants Wolfgang's Steakhouse, Inc. and ZMF Restaurants LLC (collectively, "Defendants") in the above-referenced putative class action filed by plaintiff Cynthia M. Fullwood ("Plaintiff") under the Fair and Accurate Credit Transaction Act of 2003 ("FACTA").

  Pursuant to the court's July 1, 2016 Order, we write to inform the court that Defendants intend to file a motion to dismiss Plaintiff's Second Amended Complaint ("SAC"), pursuant to Rule 12(b)(1), based on Plaintiff's failure to allege Article III standing under the standards set forth in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).  As the court is aware, in light of "the change *Spokeo* effected in the standing doctrine," the Second Circuit recently remanded *Crupar-Weinmann v. Paris Baguette Am., Inc.*, 2016 U.S. App. LEXIS 12012 (2d Cir. June 30, 2016), to Judge Rakoff to determine whether the plaintiff in that case had adequately alleged standing under Article III.  *Crupar-Weinmann* involves allegations nearly identical to those in the SAC here.

  In *Spokeo, Inc. v. Robins*, the Supreme Court held with respect to Article III standing in a claim asserted under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, of which FACTA is part:

**Cowan, Liebowitz & Latman, P.C.**
Hon. Katherine Polk Failla
July 13, 2016
Page 2

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. *Article III standing requires a concrete injury even in the context of a statutory violation. For that reason . . . Robins cannot satisfy the demands of Article III by alleging a bare procedural violation*. *A violation of one of the FCRA's procedural requirements may result in no harm*. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm.

136 S. Ct. at 1549-50 (citations omitted) (emphasis added).

Plaintiff here merely has alleged a bare procedural violation of FACTA, and has failed to plead any concrete tangible or intangible harm. Plaintiff's sole allegation concerning harm is: "On October 3, 2013, [Plaintiff] ate at Defendants' [restaurant], paid for her meal with a credit card, and received an electronically printed receipt displaying the expiration date, *and was damaged thereby*." SAC ¶ 6 (emphasis added). Plaintiff does not allege that she suffered any pecuniary loss or that she was the victim of identity theft as a result of Defendants' alleged failure to redact the expiration date from her credit card receipt, nor could she. Plaintiff solely makes claims for statutory damages and admits she has suffered no actual damages.

Nor was Plaintiff ever placed in danger of the risks that FACTA was meant to curtail, namely that her credit card receipt would be discarded, lost or stolen and then misappropriated by an identity thief. *See* Pub. L. No. 105-159, 117 Stat 1952, 1953 (2003) (Congress enacted FACTA "to prevent identity theft"); *The Fair Credit Reporting Act and Issues Presented By Reauthorization of the Expiring Preemption Provisions: Hearing Before the Committee on Banking. Housing and Urban Affairs,* l08th Cong. 78 (2003), available at https://www.gpo.gov/fdsys/pkg/CHRG-108shrg95254/html/CHRG-108shrg95254.htm (Senator Schumer explaining: "We should truncate credit card receipts. . . . In other words, the receipt, the part you discard, does not show the whole number on there so people cannot go into the garbage can, pick it up, and duplicate your credit card number").

Plaintiff's receipt was never available to or at risk of misappropriation by any malefactor. To be at risk of identity theft, an identity thief would first need access to Plaintiff's receipt. But Plaintiff makes no such allegation. Plaintiff does not claim that she threw the receipt away to be retrieved by a dumpster diver, let alone an identity thief with enough skill to compute the missing credit card information. Plaintiff does not allege the receipt was stolen, misplaced, dropped or out of her possession at any time. Plaintiff does not allege that anyone other than plaintiff and her attorney ever has been in possession of or

**Cowan, Liebowitz & Latman, P.C.**
Hon. Katherine Polk Failla
July 13, 2016
Page 3

even seen the receipt. Plaintiff merely alleges she received the non-compliant receipt on October 3, 2013 and therefore was damaged. Plaintiff filed her initial complaint one week later. This timing creates a strong inference that Plaintiff immediately gave her credit card receipt to her attorneys for safe-keeping and that she went to Defendants' restaurant for the sole purpose of obtaining an allegedly non-compliant receipt.

Moreover, even if there was a risk of unauthorized third party disclosure, the mere printing of Plaintiff's credit card expiration date while fully complying with FACTA's credit card number redaction provisions did not put Plaintiff at the type of imminent or non-speculative risk of identity theft that FACTA was meant to abate. Congress has found that

> that proper truncation of the card number, by itself as required by [FACTA], regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft or credit card fraud . . . .

Credit and Debit Card Receipt Clarification Act of 2007, Pub. L. No. 110-241, § 2(a)(6), (b), 122 Stat. 1565, 1565 (2008) (emphasis added). *See also Gardner v. Appleton Baseball Club, Inc.*, 2010 U.S. Dist. LEXIS 31653, at *17 (E.D. Wis. Mar. 31, 2010) ("given the fact that no additional protection of the consumer is achieved by deleting the expiration date, it can hardly be said that its action 'entail[ed] an unjustifiably high risk of harm . . . .'").

Indeed, it would be impossible for a fraudster to utilize a credit card expiration date for some illicit purpose without also having access to some or all of the credit card numbers. Plaintiff makes no allegations that an unknown third party unlawfully had access to her credit card numbers, let alone due to any action by Defendants. Absent such an inherent risk of harm, Plaintiff cannot show a concrete injury and maintain standing. To find otherwise would be in direct contradiction to the long-standing principle that an injury in fact must be "actual or imminent" and cannot be "conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548 (citing *Lujan*, 504 U.S. at 560).

Plaintiff would not be prejudiced by the filing of this motion. No answer has been filed and discovery has not yet begun. Moreover, the Supreme Court only recently decided *Spokeo* and standing is an issue that cannot be waived and can be challenged at any time. *See United States v. Hays*, 515 U.S. 737, 742 (1995); *Ross v. Albany Medical Ctr.*, 916 F. Supp. 196, 198 (N.D.N.Y 1996). Without standing, this court lacks subject matter jurisdiction. Standing thus is an issue that should be decided before the case proceeds in any other manner. *See Ross v. Bank of America, N.A. (USA)*, 524 F.3d 217, 222 (2d Cir. 2008) ("Standing is the threshold question in every federal case, determining the power of the court to entertain the suit") (citations omitted).

Defendants therefore request leave to file a motion to dismiss the SAC based on lack of standing.

26598/017/1687880

**Cowan, Liebowitz & Latman, P.C.**
Hon. Katherine Polk Failla
July 13, 2016
Page 4

                                                  Respectfully submitted,

                                                  s/ Eric J. Shimanoff

cc:     All Counsel of Record (via ECF)

26598/017/1687880