Eric J. Shimanoff (ejs@cll.com)
Joel K. Schmidt (jks@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY  10036
(212) 790-9200
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

CYNTHIA M. FULLWOOD, individually and on behalf of all others similarly situated,

      Plaintiff,

 against

WOLFGANG'S STEAKHOUSE, INC. and ZMF RESTAURANTS LLC,

      Defendants.

----------------------------------------------------------------- x

No. 13 Civ. 7174 (KPF) (HP)

## NOTICE OF SUPPLEMENTAL AUTHORITY

  In further support of Defendants' pending Motion to Dismiss Plaintiff's Second Amended Complaint under Rule 12(b)(1) for lack of Article III standing (Dkt.#50), Defendants respectfully submit the recent decision in *Meyers v. Nicolet Restaurant of De Pere, LLC*, 2016 U.S. App. LEXIS 22139 (7th Cir. Dec. 13, 2016), which remanded for dismissal the plaintiff's FACTA claims under Rule 12(b)(1) based on lack of Article III standing.

Dated: New York, New York
   December 14, 2016

COWAN, LIEBOWITZ & LATMAN, P.C.

By: s/ Eric J. Shimanoff
   Eric J. Shimanoff (ejs@cll.com)
   Joel K. Schmidt (jks@cll.com)
114 West 47th Street
New York, New York 10036
(212) 790-9200
*Attorneys for Defendants*

26598/017/2179053

# In the
# United States Court of Appeals
# For the Seventh Circuit

No. 16-2075

JEREMY MEYERS, individually
and on behalf of others similarly
situated,

                           *Plaintiff-Appellant*,

v.

NICOLET RESTAURANT OF DE PERE, LLC,

                           *Defendant-Appellee*.

_____

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 1:15-cv-00444 — **William C. Griesbach**, *Chief Judge*.

_____

ARGUED NOVEMBER 3, 2016 — DECIDED DECEMBER 13, 2016

_____

Before BAUER, MANION, and HAMILTON, *Circuit Judges*.

MANION, *Circuit Judge*. Jeremy Meyers appeals the district court's denial of class certification in this case brought under the Fair and Accurate Credit Transactions Act (FACTA). This is Meyers' second putative class action under the FACTA to reach this court in a matter of months. In the prior appeal, we held that sovereign immunity barred Meyers' claim against

the Oneida Tribe of Wisconsin. This time, we conclude that Meyers lacks Article III standing. Therefore, we vacate the judgment of the district court and remand the case with instructions to dismiss for lack of jurisdiction.

## I. Background

The FACTA was a 2003 amendment to the Fair Credit Reporting Act (FRCA), 15 U.S.C. § 1681 *et seq.* As we detailed in *Meyers v. Oneida Tribe of Indians of Wis.*, 836 F.3d 818, 819–20 (7th Cir. 2016) [*Meyers I*], Congress enacted the FACTA in response to what it considered to be the increasing threat of identity theft. The provision at issue here was intended to "reduce the amount of potentially misappropriateable information produced in credit and debit card receipts." *Id.* at 820. To that end, it provides that "[n]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). Each willful violation entitles consumers to recover either "any actual damages sustained … as a result" of the violation or statutory damages of between $100 and $1,000. *Id.* § 1681n(a)(1)(A).

As in *Meyers I*, the facts of this case are simple and undisputed. On February 10, 2015, Meyers was given a copy of his receipt after dining at Nicolet Restaurant of de Pere in de Pere, Wisconsin. He noticed that Nicolet's receipt did not truncate the expiration date, as the FACTA requires. Two months later, Meyers filed a putative class action complaint in district court, purportedly on behalf of everyone who had been provided a non-compliant receipt at Nicolet. He sought only statutory damages.

No. 16-2075 3

The district court denied Meyers' motion for class certification. Although the court held that Meyers had satisfied Federal Rule of Civil Procedure 23(a)'s four prerequisites, it denied certification because he failed to establish that class-wide issues would "predominate" over issues affecting only individual potential class members. Fed R. Civ. P. 23(b)(3); *Meyers v. Nicolet Rest. of de Pere, LLC*, No. 15-C-444, 2016 WL 1275046, at *7 (E.D. Wis. Apr. 1, 2016).

At the same time, Meyers was pursuing his appeal in *Meyers I*. On September 8, 2016, we affirmed the dismissal of that case on sovereign immunity grounds. Because we held that the Tribe was immune from suit, we specifically declined to address whether Meyers had suffered a sufficient injury for Article III standing purposes. *Meyers I*, 836 F.3d at 821–22. We also had no occasion to determine the propriety of class certification. This appeal presents both questions. However, because we conclude that Meyers lacks standing, we do not reach the certification question.

## II. Discussion

The Supreme Court has consistently recognized that "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). Standing to sue is an important component of that limitation. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The requirement that litigants possess standing ensures "that courts do not decide abstract principles of law but rather concrete cases and controversies." *Sierra Club v. Marita*, 46 F.3d 606, 613 (7th Cir. 1995). In short, "[s]tanding is a threshold question in every federal

case because if the litigants do not have standing to raise their claims the court is without authority to consider the merits of the action." *Freedom From Religion Found., Inc. v. Zielke*, 845 F.2d 1463, 1467 (7th Cir. 1988).

To establish standing, Meyers "must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted). He says that Congress, through the FACTA amendment, has granted him the legal right to receive a receipt that truncates the expiration date on his credit card. Nicolet responds that its violation has not caused Meyers any harm.[1]

The parties dispute the application of the Supreme Court's decision last Term in *Spokeo*. That case is indeed highly relevant and worthy of close examination. The plaintiff there alleged that Spokeo ("a Web site that allows users to search for information about other individuals by name, e-mail address, or phone number") generated a profile of him that contained inaccurate information. *Spokeo*, 136 S. Ct. at 1546. Particularly, the plaintiff alleged that his Spokeo profile "states that he is married, has children, is in his 50's, has a job, is relatively affluent, and holds a graduate degree." *Id.* According to the plaintiff, none of this information is accurate. *Id.*

Upset about the apparently false information in his profile, the plaintiff filed a putative class action arguing that Spokeo failed to comply with four provisions of the FCRA.

---

[1] Because we conclude Meyers has not alleged a sufficiently concrete injury, we need not address the remaining two elements of Article III standing: causation and redressability. *Lujan*, 504 U.S. at 560.

These sections imposed requirements on reporting agencies to: (1) "follow reasonable procedures to assure maximum possible accuracy of" consumer reports, 15 U.S.C. § 1681e(b); (2) notify providers and users of information of their obligations under the Act, *id.* § 1681e(d); (3) limit the circumstances in which agencies provide consumer reports "for employment purposes," *id.* § 1681b(b)(1); and (4) post toll-free numbers by which consumers may request reports, *id.* § 1681j(a). *See Spokeo*, 136 S. Ct. at 1545. Like Meyers, the plaintiff in *Spokeo* sought statutory damages under 15 U.S.C. § 1681n(a)(1)(A).

The Ninth Circuit held that the plaintiff's allegations were sufficient for Article III standing, but the Supreme Court vacated that decision. The Court held that a concrete injury is required "even in the context of a statutory violation." *Id.* at 1549. Indeed, Congress does not have the final word on whether a plaintiff has alleged a sufficient injury for the purposes of standing, because "not all inaccuracies cause harm or present any material risk of harm." *Id.* at 1550. More than a "bare procedural violation, divorced from any concrete harm" is required to satisfy Article III's injury-in-fact requirement. *Id.* at 1549.

The Ninth Circuit's principal error was that it conflated the two independent components of an injury-in-fact: concreteness and particularity. *See id.* at 1546, 1548. That Congress has passed a statute coupled with a private right of action is a good indicator that whatever harm might flow from a violation of that statute would be particular to the plaintiff. Yet the plaintiff still must allege a concrete injury that resulted from the violation in his case. As *Spokeo* explained, "Congress' role in identifying and elevating intangible harms does not mean

6 No. 16-2075

that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1549. In other words, Congress' judgment that there should be a legal remedy for the violation of a statute does not mean each statutory violation creates an Article III injury. *See Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 590–91 (7th Cir. 2016) (rejecting the argument that a violation of the Real Estate Settlement Procedures Act, without more, is a sufficient injury-in-fact after *Spokeo*). Such an injury "must be 'de facto'; that is, it must actually exist." *Spokeo*, 136 S. Ct. at 1548 (citing Black's Law Dictionary 479 (9th ed. 2009)).

That brings us to the present case. *Spokeo* compels the conclusion that Meyers' allegations are insufficient to satisfy the injury-in-fact requirement for Article III standing. The allegations demonstrate that Meyers did not suffer any harm because of Nicolet's printing of the expiration date on his receipt. Nor has the violation created any appreciable risk of harm. After all, Meyers discovered the violation immediately and nobody else ever saw the non-compliant receipt. In these circumstances, it is hard to imagine how the expiration date's presence could have increased the risk that Meyers' identity would be compromised. *See id.* at 1550 ("It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm.").[2]

---

[2] Even at argument, Meyers would not say that Nicolet's violation had caused him any concrete harm. He staked his entire standing argument on the statute's grant of a substantive right to receive a compliant receipt. But whether the right is characterized as "substantive" or "procedural," its violation must be accompanied by an injury-in-fact. A violation of a

No. 16-2075                                                                7

Moreover, Congress has specifically declared that failure to truncate a card's expiration date, without more, does not heighten the risk of identity theft. In the Credit and Debit Card Receipt Clarification Act of 2007, Congress made a finding of fact that "[e]xperts in the field agree that proper truncation of the card number, by itself as required by the [FACTA], regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft or credit card fraud." Pub. L. 110-241, § 2(a)(6). Congress was instead quite concerned with the abuse of FACTA lawsuits, finding that "the continued appealing and filing of these lawsuits represents a significant burden on the hundreds of companies that have been sued and could well raise prices to consumers without corresponding consumer protection benefit." *Id*. § 2(a)(7). That is why Congress sought to limit FACTA lawsuits to consumers "suffering from any actual harm." *Id*. § 2(b).

Meyers is not such a person, so he does not have standing. We note that while we are the first circuit to address the question of standing in FACTA cases after *Spokeo*, our decision is in accord with those of our sister circuits in similar statutory-injury cases.[3] *Hancock v. Urban Outfitters, Inc.*, 830 F.3d 511, 514

---

statute that causes no harm does not trigger a federal case. That is one of the lessons of *Spokeo*.

[3] The district courts presented with the question of standing in FACTA cases have split. For example, compare *Kamal v. J. Crew Grp., Inc.*, No. 2:15-0190, 2016 WL 6133827, at *3–4 (D.N.J. Oct. 20, 2016) (printing of first six numbers of credit card without more was not a sufficient injury-in-fact, as there was "no evidence that anyone has accessed or attempted to access or will access Plaintiff's credit card information"), with *Wood v. J Choo USA, Inc.*, _ F. Supp. 3d _, 2016 WL 4249953, at *3–5 (S.D. Fla. Aug. 11, 2016) (failure to truncate an expiration date was sufficient for standing

(D.C. Cir. 2016) (no standing where plaintiffs alleged that department store clerk violated District of Columbia consumer protection statutes by asking for their zip codes, but alleged no injury caused by the violation such as "any invasion of privacy, increased risk of fraud or identity theft, or pecuniary or emotional injury"); *Lee v. Verizon Commc'ns.*, Inc., 837 F.3d 523, 529–30 (5th Cir. 2016) (no standing where plaintiff alleged breach of a duty under ERISA but no harm caused by the mismanagement of the pension plan); *Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 930–31 (8th Cir. 2016) (no standing where plaintiff alleged that cable company had retained personal information in violation of Cable Communications Policy Act, but suffered no harm because of it); *Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998, 1002–03 (11th Cir. 2016) (no standing where plaintiff alleged that the defendant failed to record a satisfaction of a mortgage within the required 30 days under state statute but alleged no harm flowing from that failure).[4] In sum, we hold that without a showing of injury apart from the statutory violation, the failure to truncate

---

purposes because Congress has created a substantive personal right to receive a truncated receipt).

[4] The Second Circuit's recent decision in *Strubel v. Comenity Bank*, No. 15-528-cv, _ F.3d _, 2016 WL 6892197 (2d Cir. Nov. 23, 2016), also supports our conclusion. There, the plaintiff sought statutory damages for four violations of the Truth In Lending Act related to a credit card agreement that she signed with the defendant creditor. She claimed that the bank failed to disclose that: "(1) cardholders wishing to stop payment on an automatic payment plan had to satisfy certain obligations; (2) the bank was statutorily obliged not only to acknowledge billing error claims within 30 days of receipt but also to advise of any corrections made during that time; (3) certain identified rights pertained only to disputed credit card purchases for which full payment had not yet been made, and did not apply

No. 16-2075 9

a credit card's expiration date is insufficient to confer Article III standing.[5]

---

to cash advances or checks that accessed credit card accounts; and (4) consumers dissatisfied with a credit card purchase had to contact [the bank] in writing or electronically." *Id.* at *1.

The Second Circuit held that the plaintiff lacked standing on the first two claims. With respect to the first, it held that she could not have suffered any injury because of the bank's failure to disclose that information because the bank did not offer an automatic payment plan. *Id.* at *6. Similarly, she lacked standing on the second claim because she did not allege that the failure to disclose that information affected her credit behavior. *Id.* at *7. However, the court held that the plaintiff did have standing on the final two claims because the failure to notify cardholders of their obligations under a credit card agreement creates a real risk that cardholders may "lose the very credit rights that the law affords [them]." *Id.* at *5.

Meyers' case is similar to the former two claims in *Strubel*. "[I]n the absence of a connection between a procedural violation and a concrete interest, a bare violation of the former does not manifest injury in fact." *Id.* at *4. The non-compliant receipt did not affect his behavior, nor did it create any appreciable risk that the concrete interest Congress identified (the integrity of personal identities) would be compromised. Thus, under the Second Circuit's analysis, Meyers lacks standing.

[5] Our conclusion does not mean that the statutory damages provision of the FCRA is rendered a nullity. Generally, "statutory damages are reserved for cases in which the damages caused by a violation are small or difficult to ascertain." *Perrone v. Gen. Motors Acceptance Corp.*, 232 F.3d 433, 436 (5th Cir. 2000). In a future case, the plaintiff may be able to show that a violation of the FACTA (or another provision of the FCRA) has caused him concrete harm. That plaintiff may still seek statutory damages if the actual damages caused by the violation are small or difficult to ascertain. Meyers' problem is that he has alleged no concrete harm or risk of harm. Therefore, he cannot avail himself of Congress' statutory damages remedy because he lacks standing.

### III. Conclusion

This case asks whether the violation of a statute, completely divorced from any potential real-world harm, is sufficient to satisfy Article III's injury-in-fact requirement. We hold that it is not. Therefore, neither the district court nor this court has the authority to certify a class action. The judgment of the district court is vacated and the case is remanded with instructions to dismiss for lack of jurisdiction.

VACATED AND REMANDED.