```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CYNTHIA M. FULLWOOD,                                        :
                                                            :
                                    Plaintiff,              :    13 Civ. 7174 (KPF)
                                                            :
                      v.                                    :    OPINION AND ORDER
                                                            :
WOLFGANG'S STEAKHOUSE, INC., and                            :
ZMF RESTAURANTS LLC,                                        :
                                                            :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 26, 2017

KATHERINE POLK FAILLA, District Judge:

Plaintiff Cynthia M. Fullwood sued Defendants Wolfgang's Steakhouse, Inc. ("Wolfgang's") and ZMF Restaurants LLC, alleging that Defendants willfully violated the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), Pub. L. No. 108-159, 117 Stat. 1952 (codified as amended in 15 U.S.C. § 1681c(g)), by printing a credit card receipt that included her card's expiration date. In a previous opinion, the Court upheld as plausible Plaintiff's claim of a willful violation of FACTA. *See Fullwood* v. *Wolfgang's Steakhouse, Inc.*, No. 13 Civ. 7174 (KPF), 2015 WL 4486311, at *4 (S.D.N.Y. July 23, 2015) ("*Fullwood II*"). In light of the Supreme Court's decision in *Spokeo, Inc.* v. *Robins*, 136 S. Ct. 1540 (2016), Defendants now move to dismiss the case for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants' motion is granted because the Second Amended Complaint (or "SAC") fails plausibly to plead a concrete and particularized injury; Plaintiff's corresponding request for leave to file a Third Amended Complaint is also granted because the SAC

predated significant decisions from the Supreme Court and the Second Circuit on which this Opinion relies.

## BACKGROUND[1]

**A.   Factual Background**

The Court assumes familiarity with its prior Opinions in this matter, *see Fullwood II*, 2015 WL 4486311, at *1-2; *Fullwood* v. *Wolfgang's Steakhouse, Inc.*, No. 13 Civ. 7174 (KPF), 2014 WL 6076733, at *1-2 (S.D.N.Y. Nov. 14, 2014) ("*Fullwood I*"), and only briefly recites the facts relevant to the instant motion.

Plaintiff dined at Defendants' Park Avenue location on October 3, 2013. (SAC ¶¶ 6, 15).  After paying for her meal with a credit card, she received an electronically printed receipt displaying the card's expiration date.  (*Id.*). Plaintiff alleges that Defendants' act of printing the expiration date on the receipt constituted a willful violation of FACTA.  (*Id.* at ¶¶ 3, 76).  She does not allege that any pecuniary damages flowed from this act, but seeks statutory damages on behalf of herself and a class of similarly situated plaintiffs.  (*Id.* at ¶¶ 3, 9, 44).

Defendants have twice previously moved to dismiss the operative complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that

---

[1]   This Opinion draws on facts from the Second Amended Complaint ("SAC," Dkt. #27), the well-pled facts of which are taken as true for purposes of this motion.  *See Morrison* v. *Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008); *see also Ashcroft* v. *Iqbal*, 556 U.S. 662, 679 (2009).  For convenience, Defendants' moving brief is referred to as "Def. Br." (Dkt. #51); Plaintiff's brief in opposition as "Pl. Opp." (Dkt. #56); and Defendants' reply as "Def. Reply" (Dkt. #61).

Plaintiff had not plausibly pled a willful violation of FACTA.  The Court denied the first motion without prejudice for renewal upon Plaintiff's filing of the SAC.  *See Fullwood I*, 2014 WL 6076733, at *1.  The Court rejected the second motion because it found the SAC plausibly to have pled that Defendants willfully violated FACTA.  *See Fullwood II*, 2015 WL 4486311, at *4 ("Plaintiff has adequately alleged that Defendants, knowing of FACTA's importance and being informed of its requirements, either read or implemented those requirements in such a reckless, haphazard manner as to run an unjustifiably high risk of violating FACTA.").

**B.    Procedural Background**

Plaintiff filed the Complaint on October 10, 2013, and an Amended Complaint on November 4, 2013.  (Dkt. #1, 5).  On January 10, 2014, Defendants moved to dismiss the Amended Complaint.  (Dkt. #13).  In her opposition to the motion, Plaintiff included a proposed SAC.  (Dkt. #18, Ex. H).  On November 14, 2014,[2] the Court issued *Fullwood I*, which denied Defendants' motion to dismiss without prejudice to refiling, and instructed Plaintiff to file the SAC.  *See Fullwood I*, 2014 WL 6076733, at *8.  Plaintiff did so on December 1, 2014 (Dkt. #27), and Defendants moved to dismiss the new pleading on January 30, 2015 (Dkt. #31-34).  On July 23, 2015, the Court decided *Fullwood II*, which denied Defendants' renewed motion because the

---

[2]    On the parties' consent, the case was stayed between July 17, 2014, and October 1, 2014, pending a reconsideration decision in a similar case, *Crupar-Weinmann* v. *Paris Baguette Am., Inc.*, No. 13 Civ. 7013 (JSR), 2014 WL 4337978 (S.D.N.Y. Sept. 2, 2014).  *See Fullwood* v. *Wolfgang's Steakhouse, Inc.*, No. 13 Civ. 7174 (KPF), 2014 WL 6076733, at *2 (S.D.N.Y. Nov. 14, 2014) ("*Fullwood I*").

SAC plausibly pled that Defendants willfully violated FACTA.  *See Fullwood II*, 2015 WL 4486311, at *4.

Following the Supreme Court's decision in *Spokeo*, the Court held a pre-motion conference on July 21, 2016, and set a briefing schedule for Defendants' instant Rule 12(b)(1) motion.  (Dkt. #47, 49, 52).  Defendants filed their motion and supporting brief on July 27, 2016 (Dkt. #50-51); Plaintiff her opposition brief on August 26, 2016 (Dkt. #56); and Defendants their reply brief on September 20, 2016 (Dkt. #61).  After briefing was completed, the Second Circuit decided *Strubel* v. *Comenity Bank*, 842 F.3d 181 (2d Cir. 2016). Neither party sought leave to file a supplemental letter brief regarding *Strubel*'s import, but each party submitted a short notice of authority statement about the decision.  (Dkt. #65-66).[3]

## DISCUSSION

**A.   Applicable Law**

  **1.   Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)**

"[A] district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it."  *Aurecchione* v. *Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (internal quotation marks omitted) (quoting *Makarova* v. *United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *accord Sokolowski* v. *Metro. Transp. Auth.*, 723 F.3d 187, 190 (2d Cir. 2013).  A "plaintiff asserting subject

---

[3]   The parties submitted additional notices of supplemental authority (*see* Dkt. #62-64, 67, 69), which have been considered to the extent relevant to the Court's analysis.

4

matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113.

In resolving a Rule 12(b)(1) motion to dismiss, "[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff, but jurisdiction must be shown affirmatively, and that showing [may] not [be] made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison* v. *Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal citation and quotation marks omitted). Where subject matter jurisdiction is contested, a district court may consider evidence outside the pleadings, such as affidavits and exhibits. *See Zappia Middle East Constr. Co.* v. *Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000); *accord Tandon* v. *Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). And where, as here, "the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint or the complaint and exhibits attached to it (collectively the "Pleading") … [t]he task of the district court is to determine whether the Pleading 'allege[s] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue.'" *Carter* v. *HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (alterations added) (quoting *Amidax Trading Grp.* v. *S.W.I.F.T. SCRL*, 671 F.3d 140, 145-46 (2d Cir. 2011) (per curiam) (citing *Ashcroft* v. *Iqbal*, 556 U.S. 662, 679 (2009))).

## 2. The Fair and Accurate Credit Transactions Act

Congress enacted FACTA in 2003 to amend the Fair Credit Reporting Act of 1970 (the "FCRA"). *See* Pub. L. No. 108-159, 117 Stat. 1952. The new

legislation was designed in part "to prevent criminals from obtaining access to consumers' private financial and credit information in order to reduce identity theft and credit card fraud."  Pub. L. No. 110-241, § 2(a)(1), 122 Stat. 1565; *see also* Pub. L. No. 108-159, 117 Stat. at 1952.  As relevant here, FACTA prohibits merchants who accept credit or debit cards for business transactions from "print[ing] more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."  15 U.S.C. § 1681c(g)(1).  The Act adopts the two-tiered system of liability set forth in the FCRA: negligent noncompliance with the statute creates liability for actual damages and attorney's fees, *see id.* § 1681o(a), while willful noncompliance creates liability for actual damages or statutory damages between $100 and $1,000, in addition to punitive damages and attorney's fees, *see id.* § 1681n(a); *see Safeco Ins. Co. of Am.* v. *Burr*, 551 U.S. 47, 57-58 (2007) (holding that a defendant willfully violates § 1681n(a) if the violation was committed knowingly or recklessly).

After FACTA's passage, many merchants mistakenly believed that § 1681c(g)'s prohibition could be satisfied solely by truncating the card number and not the expiration date.  *See* Pub. L. No. 110-241, § 2(a)(3), 122 Stat. at 1565; *see also Long* v. *Tommy Hilfiger U.S.A., Inc.*, 671 F.3d 371, 374 (3d Cir. 2012).  Congress clarified this misunderstanding through the "Credit and Debit Card Receipt Clarification Act" (the "Clarification Act"), and provided a limited grace period for merchants who had printed a card expiration date for a transaction between December 4, 2004, and June 3, 2008, but who had

otherwise complied with FACTA.  *See* Pub. L. No. 110-241, § 3(a) (codified at 15 U.S.C. § 1681n(d)), 122 Stat. at 1566 (providing that such qualifying merchants "shall not be deemed in willful noncompliance with § 1681c(g)").

As part of the Clarification Act's factual findings, Congress recognized that "hundreds of lawsuits [had been] filed alleging that the failure to remove the expiration date was a willful violation of the Fair Credit Reporting Act even where the account number was properly truncated," but that "[n]one of these lawsuits contained an allegation of harm to any consumer's identity." Pub. L. No. 110-241, § 2(a)(4)-(5), 122 Stat. at 1565.  The purpose of the Clarification Act, Congress declared, was "to ensure that consumers suffering from any actual harm to their credit or identity are protected while simultaneously limiting abusive lawsuits that do not protect consumers but only result in increased cost to business and potentially increased prices to consumers." *Id.* § 2(b), 122 Stat. at 1566.

As noted, *Fullwood II* upheld allegations that Defendants willfully violated FACTA.  *See* 2015 WL 4486311, at *4.  The question presented here is whether Plaintiff has plausibly pled a resulting injury sufficient to support Article III standing.

### 3.  Standing

#### a.  Generally

To satisfy the "irreducible constitutional minimum" of Article III standing, a plaintiff bears the burden of establishing (i) "injury in fact," (ii) a "causal connection" between that injury and the complained-of conduct, and (iii) a

likelihood "that the injury will be redressed by a favorable decision." *Lujan* v. *Def. of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks omitted); *accord Spokeo*, 136 S. Ct. at 1547. Here, Defendants argue that Plaintiff fails adequately to plead the first element — that she suffered an injury in fact. (*See generally* Def. Br.). To demonstrate injury in fact, a plaintiff must show that she suffered (i) "an invasion of a legally protected interest," (ii) "that is concrete and particularized," and (iii) "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1547 (internal quotation marks omitted) (quoting *Lujan,* 504 U.S. at 560).

Plaintiff has pled the invasion of a legally protected interest under FACTA that is actual and not conjectural or hypothetical, because the law prohibited Defendants, as merchants who accept credit cards for business transactions, from printing Plaintiff's credit card expiration date on her October 3, 2013 dining receipt. *See* 15 U.S.C. § 1681c(g)(1); *see also Fullwood II*, 2015 WL 4486311, at *3-4. Plaintiff's standing thus turns on whether she has pled adequately a "concrete and particularized" injury to her FACTA-conferred interest. To be "particularized," "the injury must affect the plaintiff in a personal and individual way," *Lujan,* 504 U.S. at 560 n.1, and to be "concrete," the injury "must be *de facto*; that is, it must actually exist," *Spokeo,* 136 S. Ct. at 1548 (internal quotation marks and citation omitted); *see also id.* ("When we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term — 'real,' and not 'abstract.'").

### b.     Concrete Injury After *Spokeo* and *Strubel*

The Supreme Court recently elaborated upon the concreteness requirement in *Spokeo*. There, the Court evaluated whether a consumer had standing to bring a claim under the FCRA, 15 U.S.C. §§ 1681-1681x, which "seeks to ensure 'fair and accurate credit reporting.'" *Spokeo*, 136 S. Ct. at 1545 (quoting § 1681(a)(1)). The plaintiff alleged that the defendant consumer reporting agency had violated the FCRA because, *inter alia*, the agency had failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports and, consequently, disseminated inaccurate information about the plaintiff. *Id.* at 1545-46 (citing § 1681e(b)). The Court ultimately vacated the Ninth Circuit's finding of injury in fact because that finding was based on an incomplete analysis that probed the particularity of the plaintiff's injury but not also its concreteness. *Id.* at 1550.

The Court reiterated that intangible injuries may be concrete, observing that "Congress is well positioned to identify intangible harms that meet minimum Article III requirements." *Spokeo*, 136 S. Ct. at 1549; *id.* ("Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before." (internal quotation marks omitted) (quoting *Lujan*, 504 U.S. at 580 (Kennedy, J., concurring in part and concurring in judgment))). A "risk of real harm" can thus also satisfy Article III's concreteness requirement. *Id.*

However, "a bare procedural violation, divorced from any concrete harm" is insufficient; even in the context of a statutory violation, a concrete injury is

9

necessary. *Spokeo*, 136 S. Ct. at 1549. For example, the Court noted, an FCRA procedural violation might not lead to the dissemination of inaccurate information and, even if it did, the dissemination of inaccurate information might not actually "cause harm or present any material risk of harm" to the plaintiff. *Id.* at 1550. At the same time, "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." *Id.* at 1549 (emphasis in original).

After briefing on the instant motion was completed, the Second Circuit decided *Strubel* v. *Comenity Bank*, 842 F.3d 181 (2d Cir. 2016), its first decision interpreting *Spokeo*.⁴ The Second Circuit understood *Spokeo* to instruct that "an alleged procedural violation can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a 'risk of real harm' to that concrete interest." *Id.* at 189 (quoting *Spokeo*, 136 S. Ct. at 1549).

*Strubel* held that two of the defendant bank's disclosure failures under the Truth in Lending Act (the "TILA"), 15 U.S.C. §§ 1601-1677f, caused concrete injury because both disclosure requirements "serve[] to protect a consumer's concrete interest in 'avoid[ing] the uninformed use of credit,' a core

---

⁴ Prior to *Strubel*, the Second Circuit cited to *Spokeo* in three summary orders, none of which engaged with *Spokeo*'s substantive holding. *See Cruper-Weinmann* v. *Paris Baguette Am., Inc.*, 653 F. App'x 81 (2d Cir. 2016); *Bank* v. *All. Health Networks, LLC*, No. 15-4037-cv, 2016 WL 6128043 (2d Cir. Oct. 20, 2016); *Sikhs for Justice Inc.* v. *Kerry*, No. 15-4018-cv, 2016 WL 5791561 (2d Cir. Oct. 4, 2016).

object of the TILA." *Id.* at 190 (quoting 15 U.S.C. § 1601(a)); *see also id.* at 191 (holding that the defendant's alleged violations gave rise to a "risk of real harm" to the consumer's concrete interest in the informed use of credit). By contrast, the Second Circuit concluded that the complaint failed to plead concrete injury arising from two other disclosure failures because, *inter alia*, there was no showing that those failures "created a 'material risk of harm' — or, indeed, any risk of harm at all — to [the plaintiff's] interest in avoiding the uninformed use of credit." *Id.* at 191-92; *see also id.* at 193.

B.  **Analysis**

 1.  **Plaintiff Fails Plausibly to Plead a Concrete and Particularized Injury**

Defendants argue that Plaintiff lacks standing because she fails plausibly to plead a concrete injury, whether tangible or intangible. (Def. Br. 2, 5-6). Defendants note, for example, that Plaintiff nowhere alleges that she was at risk of identity theft as a result of Defendants' conduct. (*Id.* at 6; Def. Reply 1). Beyond their claim that Plaintiff *does* not plausibly allege concrete injury, Defendants also argue that Plaintiff *could* not allege an adequate injury based solely on the printing of her credit card expiration date. This is so, Defendants maintain, because "Congress has found that the dissemination of a receipt with a credit card expiration date but with properly truncated credit card numbers, exactly what Plaintiff alleges here, does not cause any concrete risk of harm." (Def. Br. 7 (emphasis omitted); *see also id.* at 9 ("Thus, the redaction of a credit card expiration date provides no real protection against credit card fraud so long as the credit card number is properly truncated, as

was alleged here.  Absent such an inherent risk of harm, Plaintiff cannot show a concrete injury and maintain standing.")).

Defendants do not argue that Plaintiff fails plausibly to plead a particularized injury.  (*See generally* Def. Br.; *see also* Pl. Opp. 25).  The Court takes up that issue in any event, consistent with its "independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte* … [including] whether a plaintiff has standing under Article III to pursue its claim."  *Jennifer Matthew Nursing & Rehab. Ctr.* v. *U.S. Dep't of Health & Human Servs.*, 607 F.3d 951, 955 (2d Cir. 2010) (internal quotation marks omitted) (quoting *Joseph* v. *Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006)); *see also Spokeo*, 136 S. Ct. at 1545, 1550 (vacating the Ninth Circuit's judgment because the court's "incomplete" analysis conflated the injury-in-fact requirement's distinct elements of concreteness and particularity).

The Court finds that Plaintiff's complaint, as presently constructed, does not allege facts that plausibly plead a concrete and particularized injury resulting from Defendants' willful FACTA violation; the Court thus does not reach the issue whether Plaintiff could allege such an injury based on Defendants' conduct.[5]

The SAC adequately specifies how Defendants willfully violated FACTA.  (*See, e.g.*, SAC ¶¶ 73-74 (alleging that "Defendants, at the point of sale or

---

[5] Defendants urge the Court to strike certain materials referenced in Plaintiff's opposition brief as outside the pleadings.  (*See* Def. Reply 10).  Those materials are supplemental authorities that do no more to cure Plaintiff's pleading defects than does her opposition brief.

12

transaction, provided Plaintiff and the other class members with electronically printed receipts, each of which included the credit or debit card expiration date .... Defendants knew of the prohibition of the printing of expiration dates or were reckless [in] not knowing in light of the information readily available to [them]."); *id.* at ¶¶ 62-64 (alleging that Defendants were informed of FACTA's requirements by a series of statements from Defendants' merchant bank, point of sale providers, and trade associations); *id.* at ¶¶ 67-70 (alleging that Defendants' insurance coverage negotiations involving FACTA-related provision reflects knowledge of, or recklessness towards, FACTA requirements")). *See also Fullwood II*, 2015 WL 4486311, at *4 ("Defendants, knowing of FACTA's importance and being informed of its requirements, either read or implemented those requirements in such a reckless, haphazard manner as to run an unjustifiably high risk of violating FACTA.").

These specific allegations of willful violation stand in sharp contrast to the SAC's conclusory and generalized allegations of resulting injury. The sum total of Plaintiff's allegations of injury is:

- "Plaintiff Cynthia M. Fullwood ... paid for her meal with a credit card, received an electronically printed receipt displaying the expiration date, *and was damaged thereby.*" (SAC ¶ 6 (emphasis added)).
- "By failing to comply[,] Defendants have deprived *consumers* of the protections that the statute was designed to confer, and expose[] *cardholders* to increased risk of identity theft." (*Id.* at ¶ 48 (emphases added)).

This Court's task is "to determine whether the [p]leading alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue."

13

*Carter*, 822 F.3d at 56 (internal quotation marks and alterations omitted)). "Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element" of standing. *Spokeo*, 136 S. Ct. at 1547 (internal quotation marks and alterations omitted) (quoting *Warth* v. *Seldin*, 422 U.S. 490, 518 (1975)); *see also Warth*, 422 U.S. at 518 ("It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers."); *Morrison*, 547 F.3d at 170 ("[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.").

  The SAC's conclusory allegation that Plaintiff was "damaged" by Defendants' conduct (SAC ¶ 6), and its generalized allegation parroting FACTA's purpose statement (*id.* at ¶ 48), are plainly insufficient to plead plausibly that Plaintiff suffered a concrete and particularized injury. *See Iqbal*, 556 U.S. at 678 ("[B]are assertions … are conclusory and not entitled to be assumed true."). "[N]ondescript and conclusory allegations of injury are not the type of general factual allegations from which the Court may presume the specific facts necessary to ensure that the plaintiff has standing, and are insufficient to meet the plaintiff's burden of alleging an injury in fact that is concrete and particularized." *Brown* v. *F.B.I.*, 793 F. Supp. 2d 368, 374 (D.D.C. 2011) (internal citation omitted); *see also Valley Forge Christian Coll.* v. *Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) ("[T]he party who invokes the court's authority [must] show that he personally

has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." (internal quotation marks omitted)).

Plaintiff relies on cases such as *Boelter* v. *Hearst Communications, Inc.*, No. 15 Civ. 3934 (AT), 2016 WL 3369541, at *3 (S.D.N.Y. June 17, 2016), to support her standing argument. (*See* Pl. Opp. 8). But, among other differences, the *Boelter* plaintiffs had clearly alleged the harms they suffered as a result of the defendants' conduct. *See id.* at *3 (paraphrasing allegations in the amended complaint that described the injuries that the plaintiffs suffered). The same cannot be said of Plaintiff here. Instead, her allegations more closely resemble those in another case, *Sartin* v. *EKF Diagnostics, Inc.*, No. 16 Civ. 1816, 2016 WL 3598297 (E.D. La. July 5, 2016), to which both parties cite. (*See* Def. Br. 5-6; Pl. Opp. 24). The *Sartin* court dismissed for lack of standing an action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, because the complaint had failed to allege "what specific injury, if any, [the plaintiff] sustained through [the] defendants' alleged statutory violations." *Id.* at *3; *id.* at *4 (finding that the "allegations in the complaint establish nothing more than a bare violation of the TCPA, divorced from any concrete harm to [the plaintiff]").

Here, well-pled allegations describing Plaintiff's injuries are found nowhere in the SAC. The Court thus finds that Plaintiff fails to carry her burden to clearly allege facts demonstrating a concrete and particularized injury to support standing. *See Spokeo*, 136 S. Ct. at 1547; c*f. Treiber* v. *Aspen Dental Mgmt., Inc.*, 635 F. App'x 1, 3 (2d Cir. 2016) (summary order) ("While

15

plaintiffs' assertion of price gouging might, properly pled, demonstrate injury, because the allegation is wholly conclusory and unsupported by any facts, it is insufficient to support standing.").

### 2. Plaintiff Is Granted Leave to Amend

Plaintiff has twice amended her complaint; once as a matter of right pursuant to Rule 15(a)(1), and once with the Court's leave pursuant to Rule 15(a)(2). *See Fullwood I*, 2014 WL 6076733, at *2. The latter amendment resulted in a pleading that survived Rule 12(b)(6) scrutiny. *See Fullwood II*, 2015 WL 4486311, at *4-5. Now faced with a Rule 12(b)(1) motion, Plaintiff again seeks leave to cure any pleading deficiencies identified by Defendants' motion. (Pl. Opp. 25). Although Plaintiff's request is made in the alternative and in a single sentence, her request is granted for the reasons that follow. *See Loreley Fin. (Jersey) No. 3 Ltd.* v. *Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (rejecting the argument "that the denial of leave [to amend] was proper because of the informality of the request, which was raised 'in the alternative' at the end of [the plaintiffs'] brief opposing the motion to dismiss").

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires," though "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy* v. *Dun & Bradstreet Corp.*, 482 F .3d 184, 200 (2d Cir. 2007). As noted, the Court's grant of the instant motion is based on the SAC's failure adequately to plead that Plaintiff suffered a concrete and particularized injury. It is not based on the conclusion that Defendants' willful violation of FACTA did not, or could not as a matter of

16

law, inflict such an injury on Plaintiff. *Cf. Meyers* v. *Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 728 (7th Cir. 2016) (describing the Seventh Circuit as "the first circuit to address the question of standing in FACTA cases after *Spokeo*" and holding that "without a showing of injury apart from the statutory violation, the failure to truncate a credit card's expiration date is insufficient to confer Article III standing"). The Court cannot find that re-pleading with greater specificity as to the concrete and particularized injuries allegedly suffered would be a futile exercise. *See Hunt* v. *All. N. Am. Gov't Income Tr., Inc.*, 159 F.3d 723, 728 (2d Cir. 1998).

It also bears mention that the SAC was filed before the Supreme Court issued *Spokeo*, the very decision that prompted Defendants' motion. (*See* Def. Pre-Motion Letter, Dkt. #47). In the Court's view, it would not comport with the requirements of justice, *see* Fed. R. Civ. P. 15(a)(2), to grant Defendants' motion, which is based principally upon a Supreme Court decision issued after the SAC's filing, without giving Plaintiff the chance to conform her pleading to that new precedent. *See, e.g., Cruper-Weinmann* v. *Paris Baguette Am., Inc.*, 653 F. App'x 81, 82 (2d Cir. 2016) (summary order) ("Given the change *Spokeo* effected in the standing doctrine, we remand to allow plaintiffs an opportunity to replead their claims to comport with the pleading standards set forth in *Spokeo*[.]"); *Sartin*, 2016 WL 3598297, at *4 (dismissing post-*Spokeo* a complaint that had been filed pre-*Spokeo*, but granting leave to amend because the plaintiff's "failure to adequately allege a concrete injury in fact may reflect mere pleading defect, rather than a more fundamental problem with his

claims"); *see generally Loreley*, 797 F.3d at 190 ("Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies.").

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Plaintiff may file a Third Amended Complaint within 21 days of the date of this Order; within 21 days thereafter, Defendants shall file an answer or otherwise respond. The Clerk of Court is directed to terminate the motion at docket entry 50.

SO ORDERED.

Dated: January 26, 2017
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge