Eric J. Shimanoff (ejs@cll.com)
Joel K. Schmidt (jks@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY  10036
(212) 790-9200
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
CYNTHIA M. FULLWOOD, individually and on
behalf of all others similarly situated,

       Plaintiff,

 against

WOLFGANG'S STEAKHOUSE, INC. and ZMF
RESTAURANTS LLC,

       Defendants.
---------------------------------------------------------------- x

No. 13 Civ. 7174 (KPF) (HP)

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW
IN FURTHER SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT
<u>PURSUANT TO RULE 12(B)(1) FOR LACK OF STANDING</u>**

26598/017/2297377

**Table of Contents**

Page

INTRODUCTION .................................................................................................................. 1

ARGUMENT .......................................................................................................................... 2

I. THE HISTORY OF *CRUPAR-WEINMANN V. PARIS BAGUETTE AMERICA* ..................................................................................................................... 2

    A. Crupar-Weinmann's Amended Complaint ............................................... 2

    B. The District Court Opinion ...................................................................... 2

    C. The Second Circuit Opinion .................................................................... 3

II. *CRUPAR-WEINMANN V. PARIS BAGUETTE AMERICA* MANDATES DISMISSAL OF PLAINTIFF'S TAC ................................................................................... 5

III. *CRUPAR-WEINMANN V. PARIS BAGUETTE AMERICA* WAS PROPERLY DECIDED ............................................................................................................. 6

IV. *CRUPAR-WEINMANN V. PARIS BAGUETTE AMERICA* ALSO WARRANTS RECONSIDERATION OF THE COURT'S PRIOR OPINION ON RECKLESSNESS ............................................................................................................. 7

CONCLUSION ....................................................................................................................... 8

Pursuant to the Court's Order dated June 26, 2017 (Dkt.#81), Defendants Wolfgang's Steakhouse, Inc. and ZMF Restaurants LLC (collectively, "Defendants") respectfully submit this supplemental memorandum of law in further support of their motion, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss the Third Amended Complaint ("TAC") filed by Plaintiff Cynthia M. Fullwood ("Plaintiff") based on Plaintiff's failure to allege standing under Article III. The Court ordered supplemental briefing addressing the effect of the Second Circuit's June 26, 2017 opinion in *Crupar-Weinmann v. Paris Baguette America*, No. 14-3709, on Defendants' pending motion to dismiss. A copy of the Second Circuit's opinion is attached hereto as **Exhibit A**.

## INTRODUCTION

The Second Circuit's June 26, 2017 opinion in *Crupar-Weinmann* mandates final dismissal of the instant case. The Second Circuit unequivocally held that, consistent with Congressional intent in passing the Clarification Act, the mere inclusion of an expiration date on a credit card receipt ***does not*** raise a material risk of identity theft sufficient to confer Article III standing upon a FACTA plaintiff. Just like the plaintiff in *Crupar*-Weinmann, Plaintiff here alleges only that the credit card receipts she received failed to redact the expiration date. She makes no allegations concerning any other violation of FACTA. Plaintiff has not been the victim of actual or attempted identity theft and a litany of speculative events—none of which are alleged in the TAC—would need to occur here before Plaintiff would be subject to any immediate risk of identity theft. Consistent with *Crupar-Weinmann*, the Court should dismiss the TAC with prejudice for lack of Article III standing.

**ARGUMENT**

**I.  THE HISTORY OF *CRUPAR-WEINMANN V. PARIS BAGUETTE AMERICA***

    **A.  Crupar-Weinmann's Amended Complaint**

In *Crupar-Weinmann*, the plaintiff alleged that she purchased food at Paris Baguette's midtown Manhattan location on September 19, 2013, paid for the food with a credit card and received an electronically printed receipt displaying the expiration date at the point of sale in violation of FACTA.  The pleading contained no additional specific allegations concerning the allegedly non-compliant receipt or the plaintiff's interaction with the defendant.  Most of the general allegations, including the plaintiff's legal arguments concerning the purpose of FACTA and conclusory statements that the plaintiff was placed at an increased risk of identity theft, are identical to the allegations in Plaintiff's TAC here.  *Compare* TAC with Amended Complaint in *Crupar-Weinmann v. Paris Baguette America*, No. 13-7013 (S.D.N.Y. July 29, 2016) (Dkt.#40), a copy of which is attached hereto as **Exhibit B**.

    **B.  The District Court Opinion**

Relying on the reasoning of the Seventh Circuit in *Meyers v. Nicolet Restaurant of De Pere, LLC*, 843 F.3d 724 (7th Cir. 2016) and the Second Circuit in *Strubel v. Comenity Bank*, 842 F.3d 181 (2d Cir. 2016), Judge Rakoff dismissed the plaintiff's complaint for lack of Article III standing.  Judge Rakoff held:

> Defendant is correct that plaintiff has failed to allege facts demonstrating that the violation in question put her at an increased risk of identity theft.  ***The Amended Complaint's spare account of the circumstances in which plaintiff received an improperly redacted receipt does not include any allegation that any third party ever saw or accessed the receipt. Under those circumstances, it is not apparent how the presence of the full expiration date of her credit card on that receipt might have threatened the security of her identity***.  Therefore, it is not the case that 'the procedural violation present[ed] a risk of real harm to [plaintiff's] concrete interest' in protecting her identity.  *Strubel*, 842 F.3d at 190.

*Crupar-Weinmann v. Paris Baguette America, Inc.,* 2017 U.S. Dist. LEXIS 13660, at *10-11 (S.D.N.Y. Jan. 30, 2017) (emphasis added) (alteration in original).  The plaintiff then appealed to the Second Circuit.

### C. The Second Circuit Opinion

Affirming the dismissal, the Second Circuit began its opinion by reiterating that, under Article III, the:

> 'irreducible constitutional minimum of standing contains three elements': (1) 'an injury in fact' to 'a legally protected interest' that is both '(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical,' (2) 'a causal connection between the injury and the conduct complained of,' and (3) that it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'

*See* Exh. A at 8 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992)).

Relying on the Supreme Court's holding in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), and the Second Circuit's holding in *Strubel v. Comenity Bank*, 842 F.3d 181 (2d Cir. 2016), the Court held that: "an alleged procedural violation can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a 'risk of real harm' to that concrete interest."  *See* Exh. A at 11 (citations omitted).  **However**, "even where Congress has accorded procedural rights to protect a concrete interest, *a plaintiff may fail to demonstrate concrete injury where violation of the procedure at issue presents no material risk of harm to that underlying interest*."  *Id*. at 11-12 (citations omitted) (emphasis added).

Having failed to allege any tangible harm, the Court then analyzed whether the plaintiff had alleged any intangible material risk of harm:

> Applying *Strubel*, the key inquiry here is whether Paris Baguette's alleged bare procedural violation — printing Crupar-Weinmann's credit card expiration date on her receipt — presents a material risk of harm to the underlying concrete interest Congress sought to protect in passing FACTA.

3

*Id*. at 12.  The purpose of FACTA is to curtail identity theft.  *See id*. at 4, 5.  *See also* Pub. L. No. 108-159, 117 Stat. 1952 (2003); *Fullwood v. Wolfgang's Steakhouse, Inc.*, 2017 U.S. Dist. LEXIS 11711, at *6 (S.D.N.Y. Jan. 26, 2017).  Focusing on that purpose, the Second Circuit found:

> it dispositive that in 2007, Congress clarified FACTA in the Credit and Debit Card Receipt Clarification Act of 2007 ('Clarification Act'), stating that '[e]xperts in the field agree that proper truncation of the card number, . . . regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft or credit card fraud.'  Pub. L. 110-241, § 2(a)(6), 122 Stat. 1565, 1565 (2007) (emphasis added).  This makes clear that ***Congress did not think that the inclusion of a credit card expiration date on a receipt increases the risk of material harm of identity theft.***

*See* Exh. A at 12-13 (emphasis added).

> The Second Circuit then rejected the plaintiff's arguments:
>
> Crupar-Weinmann counters that the Clarification Act maintained FACTA's prohibition on printing credit card expiration dates on receipts, which reflects Congress's continued belief that the action does pose a material risk of harm.  While we acknowledge that the Clarification Act maintained FACTA's prohibition on this practice, we decline to draw plaintiff's proposed inference, because in the same Act, ***Congress expressly observed that the inclusion of expiration dates did not raise a material risk of identity theft, presumably to curtail the 'hundreds of lawsuits [that] were filed [after FACTA's passage] alleging that the failure to remove the expiration date was a willful violation . . . even where the account number was properly truncated[, and n]one of these lawsuits contained an allegation of harm to any consumer's identity.*** '  Pub. L. 110-241 § 2(a)(4)-(5), 122 Stat. at 1565.  Congress could not have been clearer in stating that '***[t]he purpose of this Act is to ensure that consumers suffering from any actual harm to their credit or identity are protected while simultaneously limiting abusive lawsuits that do not protect consumers but only result in increased cost to business and potentially increased prices to consumers***.'  *Id*. § 2(b), 122 Stat. at 1566.  Given this clarification of FACTA, coupled with our holding in *Strubel* that a plaintiff must allege that, at a minimum, the bare 'procedural violation presents a 'risk of real harm' to [her] concrete interest," 842 F.3d at 190, we conclude that the ***plaintiff here has not alleged in her amended complaint that Paris Baguette's bare procedural violation of FACTA posed a material risk of harm to her***.

*Id*. at 13-14 (emphasis added).  The Court thus dismissed the case for lack of standing.

4

26598/017/2297377

## II. *CRUPAR-WEINMANN V. PARIS BAGUETTE AMERICA* MANDATES DISMISSAL OF PLAINTIFF'S TAC

The Second Circuit's opinion in *Crupar-Weinmann* mandates dismissal of Plaintiff's TAC here. Consistent with Congressional intent, the Second Circuit affirmatively held in *Crupar-Weinmann* that the mere disclosure of a credit card expiration date—and nothing more—does not create an imminent risk of identity theft sufficient to confer Article III standing. Like the plaintiff in *Crupar-Weinmann*, Plaintiff here merely alleges that Defendants handed her one or more credit card receipts that failed to redact the expiration date. Plaintiff does not allege any other violation of FACTA or any other specific facts that she was placed in imminent danger of identity theft due to Defendants' actions. Nor does Plaintiff allege that she has been the victim of identity theft or attempted identify theft in the over three and a half years that have passed since she received these receipts. Indeed, the operative pleadings in *Crupar-Weinmann* and the instant case are substantially indistinguishable other than the dates and names of the parties.

That Plaintiff here **may** have received and disposed of non-compliant receipts prior to October 3, 2013 does not save her TAC from dismissal. As with her October 3, 2013, receipt, Plaintiff's only allegations are that these receipts failed to redact the expiration date, which alone does not create an imminent risk of material harm. Although the Second Circuit in *Crupar-Weinmann* cited with approval the Seventh Circuit's reasoning in *Meyers* that a non-compliant receipt that never left the possession of a plaintiff did not create an imminent risk of identity theft, *see id*. at 13-15 (citing *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 727 (7th Cir. 2016)), the Second Circuit did not base its holding solely on that reasoning. The Second Circuit went further to hold that any mere disclosure of a credit card expiration date does not create an imminent risk of identity theft. *See id*. at 12-13. Thus, without more, whether Plaintiff retained or disposed of her alleged non-compliant receipts is immaterial. Both Congress and the

Second Circuit were well aware of the potential for "dumpster divers" to piece together credit card information from various sources, yet still found that the disclosure of only the expiration date without other identifying information or facts did not create an imminent risk of identity theft sufficient to confer standing under Article III. *See id*. at 12-14.

Indeed, even if Plaintiff discarded her older receipts, a litany of speculative events, mostly by unknown parties, would need to occur before Plaintiff could be placed at any risk of material harm.  Even setting aside general hypotheticals, Plaintiff here does not even allege: when, where or how she discarded the receipts; that any third party had access to the receipts, including that they were in a dumpster accessible by a third party; that any third party obtained these receipts, by diving through a dumpster or otherwise; that any third party unlawfully had access to her credit card numbers, which would be required to utilize the expiration date to perpetrate identity theft; or that any unknown third party even unlawfully attempted to gain access to her credit card numbers.  As in *Crupar-Weinmann*, Plaintiff's general allegations about ***some*** potential increased risk in identity theft from non-compliant credit card receipts is too speculative, relies on the potential actions of unknown third parties and provides no basis upon which the Court may find Plaintiff was at a "substantial" and "immediate" risk of identity theft. *See also Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) (Allegations of future harm can establish Article III standing if that harm is "certainly impending," but "allegations of possible future injury are not sufficient").

### III.     *CRUPAR-WEINMANN V. PARIS BAGUETTE AMERICA* WAS PROPERLY DECIDED

On or about July 11, 2017, the plaintiff in *Crupar-Weinmann* petitioned the Second Circuit for panel rehearing or rehearing *en banc*, which petition is still pending.  The petition essentially reiterates the arguments Plaintiff here previously made during the parties' initial

26598/017/2297377

briefing on the instant motion. To the extent Plaintiff uses this additional briefing as an attempt to reargue these same points, Defendants refer to their prior papers on the instant motion (Dkt.##75, 77), which set forth why Plaintiff's analysis is flawed and why the Second Circuit's reasoning and holding in *Crupar-Weinmann* are correct.

### IV.  *CRUPAR-WEINMANN V. PARIS BAGUETTE AMERICA* ALSO WARRANTS RECONSIDERATION OF THE COURT'S PRIOR OPINION ON RECKLESSNESS

Defendants previously sought to dismiss Plaintiff's claims under Rule 12(b)(6) for failure to state a claim for reckless behavior. *See* Dkt.##13, 31 and related briefing. It is undisputed that, since Plaintiff has not alleged actual damages, unless Plaintiff plausibly alleges that Defendants' conduct was willful or reckless, Plaintiff's sole claims for statutory damages would fail. See 15 U.S.C. § 1681n. Although Plaintiff has not plausibly alleged that Defendants' conduct was intentional, the Court previously found that Plaintiff had sufficiently alleged enough facts to create an inference that Defendants' conduct was reckless. *See* Dkt.#41. Based on the Second Circuit's holding in *Crupar-Weinmann*, the Court now should reconsider its prior opinion and order.

In *Safeco Ins. Co. of America v. Burr*, the Supreme Court held that recklessness is "action entailing an ***unjustifiably high risk of harm***" that is "substantially greater than that which is necessary to make [defendant's] conduct negligent." 551 U.S. 47, 68-69 (2007) (internal quotations and citations omitted) (emphasis added). In their prior papers, Defendants argued *inter alia* that, regardless of any prior knowledge of FACTA and its requirements, the mere failure to redact a credit card expiration date on a receipt did not present an "unjustifiably high risk of harm" required to show recklessness:

> The Court in *Vidoni* [*v. Acadia Corp.*, 2012 U.S. Dist. LEXIS 59967 (D. Me. Apr. 27, 2012)] also held that the plaintiff had failed to allege the "unusually high risk of harm" required for a reckless violation. In enacting the 2008 amendments to

7

> FACTA, Congress specifically acknowledged that "[e]xperts in the field agree that proper truncation of the card number, by itself as required by [FACTA], regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft or credit card theft." *Id.*, at *15-16 (citing Credit and Debit Card Receipt Clarification Act of 2007, Pub. L. No. 110-241, § 2(a)(6), 122 Stat. 1565, 1565 (2008)). Thus, by redacting the credit card number on its receipts, the defendant in that case, like Defendants here, sufficiently reduced the risk of harm from credit card fraud such that the high risk necessary for reckless behavior was eliminated. *See id. See also Gardner* [*v. Appleton Baseball Club, Inc.*], 2010 U.S. Dist. LEXIS 31653, at *17 [(E.D. Wis. Mar. 31, 2010)] ("given the fact that no additional protection of the consumer is achieved by deleting the expiration date, it can hardly be said that its action 'entail[ed] an unjustifiably high risk of harm that is either known or so obvious that it should be known'").

*See* Dkt.#14 at (Defs.' Mov. Br. at pp. 7, 11-12). *See also* Dkt.#19 (Defs.' Rep. Br. at pp. 8-9).

The Second Circuit held in *Crupar-Weinmann* that the mere failure to redact a credit card expiration date does not create an imminent risk of material harm for purposes of Article III standing. If the failure by Defendants to redact the expiration dates do not create the *minimal* risk necessary to confer standing upon Plaintiff, such alleged omissions surely cannot satisfy the "unjustifiably high risk of harm" mandated by the Supreme Court in *Safeco* necessary to infer that Defendants' conduct was reckless. Indeed, the Courts in *Vidoni* and *Gardner* cited the same legislative history as did the Second Circuit in *Crupar-Weinmann* when finding the plaintiffs in those cases failed to allege reckless behavior. As such, Plaintiff's TAC should also be dismissed under Rule 12(b)(6) for failure to state a claim for a reckless violation of FACTA.

## **CONCLUSION**

Based on the foregoing, as well as Defendants' prior briefing and all other papers previously filed in this case, the Court should dismiss Plaintiff's TAC with prejudice.

| | |
|---|---|
| Dated: New York, New York<br>July 24, 2017 | Respectfully submitted,<br>COWAN, LIEBOWITZ & LATMAN, P.C.<br><br>By:   s/ Eric J. Shimanoff<br>     Eric J. Shimanoff (ejs@cll.com)<br>     Joel K. Schmidt (jks@cll.com)<br>114 West 47th Street<br>New York, New York 10036<br>(212) 790-9200<br>*Attorneys for Defendants* |

9

26598/017/2297377