```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
CYNTHIA M. FULLWOOD,                                  :
                                                      :
                              Plaintiff,              :       13 Civ. 7174 (KPF)
                                                      :
                     v.                               :       OPINION AND ORDER
                                                      :
WOLFGANG'S STEAKHOUSE, INC. and                       :
ZMF RESTAURANTS LLC,                                  :
                                                      :
                              Defendants.             :
                                                      :
------------------------------------------------------X
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: November 3, 2017

KATHERINE POLK FAILLA, District Judge:

Plaintiff Cynthia M. Fullwood brings this putative class action against Wolfgang's Steakhouse, Inc. ("Wolfgang's") and ZMF Restaurants LLC (collectively, "Defendants"), for violations of the Fair and Accurate Credit Transactions Act of 2003, 15 U.S.C. §§ 1681-1681x ("FACTA"). Defendants have — for the fourth time — moved to dismiss the action. In 2014, Defendants moved to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff did not adequately plead a willful violation of FACTA. The Court denied that motion in light of Plaintiff's proposed amendments, which were subsequently filed as the Second Amended Complaint in this matter. *Fullwood* v. *Wolfgang's Steakhouse, Inc.*, No. 13 Civ. 7174 (KPF), 2014 WL 6076733 (S.D.N.Y. Nov. 14, 2014) ("*Fullwood I*"). In 2015, Defendants moved to dismiss the Second Amended Complaint under Rule 12(b)(6). The Court denied that motion, finding that Plaintiff had plausibly alleged a willful violation of FACTA. *Fullwood* v. *Wolfgang's*

*Steakhouse, Inc.*, No. 13 Civ. 7174 (KPF), 2015 WL 4486311 (S.D.N.Y. July 23, 2015) ("*Fullwood II*").

In 2016, Defendants moved to dismiss the Second Amended Complaint, this time under Federal Rule of Civil Procedure 12(b)(1) for a lack of standing in light of the Supreme Court's decision in *Spokeo, Inc.* v. *Robins*, 136 S. Ct. 1540 (2016).  This time, the Court granted that motion.  *Fullwood* v. *Wolfgang's Steakhouse, Inc.*, No. 13 Civ. 7174 (KPF), 2017 WL 377931 (S.D.N.Y. Jan. 26, 2017) ("*Fullwood III*").  However, because the Second Amended Complaint had been filed pre-*Spokeo*, the Court granted leave to amend and instructed Plaintiff to plead facts showing she suffered a "concrete and particularized injury."  *Fullwood III*, 2017 WL 377931, at *7.  Plaintiff filed her Third Amended Complaint (the "TAC") on February 14, 2017.

Defendants now move to dismiss the TAC under Federal Rule of Civil Procedure 12(b)(1) for a lack of standing.  And they will receive now the repose they have so long sought.  Plaintiff's amendments to her pleading are no match for the rising tide of binding precedent holding that a bare procedural violation of FACTA, without more, does not confer Article III standing.  For the reasons stated below, Defendants' motion to dismiss is granted and Plaintiff's request for leave to amend is denied.

# BACKGROUND[1]

## A. Factual Background

The Court assumes familiarity with its prior Opinions in this case and so will not belabor matters with a lengthy recitation of the facts. *See Fullwood I*, 2014 WL 6076733, at *1-2; *Fullwood II*, 2015 WL 4486311, at *1-2; *Fullwood III*, 2017 WL 377931, at *1. Defendants own and operate restaurants in this District as well as in California, Florida, and Hawaii. (TAC ¶ 9). Plaintiff alleges that Defendants repeatedly violated FACTA by printing full expiration dates on otherwise properly-redacted credit card receipts. (*See generally id.*). As in her prior complaints, Plaintiff alleges in the TAC that she dined at Wolfgang's location at 4 Park Avenue in New York, New York on October 3, 2013, paid for her meal with a credit card, and received a receipt that displayed the full expiration date of her credit card. (*Id.* at ¶ 17). Plaintiff does not allege that she has been the victim of identity theft or credit card fraud, nor does she allege any pecuniary damages that have flowed from Defendants' alleged FACTA violations; instead, she seeks statutory damages of "$100 to $1,000 per violation" on behalf of herself and a class of similarly situated customers. (*Id.*

---

[1] This Opinion draws on facts alleged in the TAC and the document appended thereto. *See Goel* v. *Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (finding that district courts may consider "documents appended to the complaint" when evaluating a pleading on a motion to dismiss). For convenience, Defendants' opening brief (Dkt. #75) is referred to as "Def. Br."; Plaintiff's opposition brief (Dkt. #76) as "Pl. Opp."; and Defendants' reply brief (Dkt. #77) as "Def. Reply." For reasons discussed in the text, the Court solicited supplemental briefing from the parties after this motion was fully briefed. The Court refers to Plaintiff's Supplemental Statement Addressing the Effect of the Panel Decision in *Crupar-Weinmann* v. *Paris Baguette, Am., Inc.* Upon Defendants' Pending Motion to Dismiss the Third Amended Class Action Complaint (Dkt. #84) as "Pl. Supp. Br." and to Defendants' Supplemental Memorandum of Law in Further Support of Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint Pursuant to Rule 12(b)(1) for Lack of Standing (Dkt. #85) as "Def. Supp. Br."

at ¶ 106(a)).  Plaintiff further alleges that Defendants' violations were willful. (*Id.* at ¶ 106; *see also id.* at ¶¶ 67-89).

These are the very facts upon which this Court granted Defendants' prior motion to dismiss under Rule 12(b)(1).  *See generally Fullwood III*, 2017 WL 377931.  The Court was clear, however, that its ruling was "not based on the conclusion that Defendants' willful violation of FACTA did not, or could not as a matter of law, inflict [] an injury on Plaintiff."  *Id.* at *7.  Accordingly, the Court importuned Plaintiff to amend her pleading "with greater specificity as to the concrete and particularized injuries" she suffered due to Defendants' conduct.  *Id.*  In response, Plaintiff added to her pleading one new allegation pertinent to standing:

> Plaintiff has used credit cards for previous purchases from Defendants, received credit card receipts at the point of sale, and threw out those earlier credit card receipts without burning them or otherwise destroying them.  On information and belief, those earlier receipts also had the expiration date printed, thereby exposing her to identity thieves.

(TAC ¶ 20).  Plaintiff's TAC contains numerous further additions, including more information about the risk and prevalence of identity theft, the legislative history of FACTA, and additional case law and secondary legal authority, but these amount to little more than legal arguments masquerading as factual allegations.  (*See, e.g., id.* at ¶¶ 30, 32, 43-45).[2]  Thus, the dispositive question before the Court is whether this single additional fact — that Plaintiff received

---

[2]   Plaintiff also adds facts regarding willfulness that, as Defendants correctly note, are not germane to the instant motion under Rule 12(b)(1).  (TAC ¶¶ 80-82, 90-94; *see also* Def. Br. 1).

4

an unspecified number of earlier receipts from Defendants showing her unredacted credit card expiration date, which receipts Plaintiff subsequently threw in the trash — amounts to an injury-in-fact sufficient to confer Article III standing.

**B.     Procedural Background**

As noted above, this is Defendants' fourth motion to dismiss. Following the Court's directive in *Fullwood III*, Plaintiff filed the TAC on February 14, 2017. (Dkt. #71). Defendants filed the instant motion to dismiss on April 7, 2017. (Dkt. #74). Plaintiff filed her opposition to Defendants' motion on May 10, 2017 (Dkt. #76), and Defendants filed their reply in support of their motion on May 23, 2017 (Dkt. #77).

Following the Second Circuit's decision in *Crupar-Weinmann* v. *Paris Baguette America, Inc.*, 861 F.3d 76 (2d Cir. 2017), the Court ordered the parties to submit supplemental briefing. (Dkt. #81). The parties submitted their supplemental briefs on July 24, 2017. (Dkt. #84, 85). The parties subsequently submitted several notices of supplemental authority and related case orders (Dkt. #86, 89, 90). In one instance, Plaintiff offered additional legal argument. (Dkt. #86). As the Court explained in its endorsement dated August 17, 2017, the Court will consider the authority submitted, but not any commentary thereon. (Dkt. #88).

an unspecified number of earlier receipts from Defendants showing her unredacted credit card expiration date, which receipts Plaintiff subsequently threw in the trash — amounts to an injury-in-fact sufficient to confer Article III standing.

**B.     Procedural Background**

As noted above, this is Defendants' fourth motion to dismiss. Following the Court's directive in *Fullwood III*, Plaintiff filed the TAC on February 14, 2017. (Dkt. #71). Defendants filed the instant motion to dismiss on April 7, 2017. (Dkt. #74). Plaintiff filed her opposition to Defendants' motion on May 10, 2017 (Dkt. #76), and Defendants filed their reply in support of their motion on May 23, 2017 (Dkt. #77).

Following the Second Circuit's decision in *Crupar-Weinmann* v. *Paris Baguette America, Inc.*, 861 F.3d 76 (2d Cir. 2017), the Court ordered the parties to submit supplemental briefing. (Dkt. #81). The parties submitted their supplemental briefs on July 24, 2017. (Dkt. #84, 85). The parties subsequently submitted several notices of supplemental authority and related case orders (Dkt. #86, 89, 90). In one instance, Plaintiff offered additional legal argument. (Dkt. #86). As the Court explained in its endorsement dated August 17, 2017, the Court will consider the authority submitted, but not any commentary thereon. (Dkt. #88).

## DISCUSSION

### A.    Applicable Law

#### 1.    Motions to Dismiss Under Rule 12(b)(1)

A court may dismiss an action under Federal Rule of Civil Procedure 12(b)(1) where it "'lacks the statutory or constitutional power to adjudicate it' … such as when (as in the case at bar) the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp.* v. *Hellas Telecomms. S.A.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015) (quoting *Makarova* v. *United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  The Second Circuit recently clarified that a challenge to subject-matter jurisdiction pursuant to Rule 12(b)(1) may be facial or fact-based. *Carter* v. *HealthPort Techs., LLC,* 822 F.3d 47, 56 (2d Cir. 2016).  When a defendant raises a facial challenge to standing based solely on the complaint and the documents attached to it, "the plaintiff has no evidentiary burden" and a court must determine whether the plaintiff asserting standing "alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Id.* at 56 (quoting *Amidax Trading Grp.* v. *S.W.I.F.T. SCRL,* 671 F.3d 140, 145 (2d Cir. 2011)).  In making such a determination, a court must accept as true all allegations in the complaint and draw all inferences in the plaintiff's favor. *Id.* at 57.  Where a Rule 12(b)(1) motion is fact-based, a defendant proffers evidence outside the pleadings and a plaintiff must either come forward with controverting evidence or rest on the pleadings if the evidence offered by the defendant is immaterial. *Katz* v. *Donna Karan Co., LLC*, 872 F.3d 114, 119 (2d Cir. 2017).  Where the evidence presented by defendants is both material and

6

controverted, a court must "make findings of fact in aid of its decision as to standing." *Id.* Finally, "'where a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice,' [because] … 'without jurisdiction, the district court lacks the power to adjudicate the merits of the case' or 'dismiss a case with prejudice.'" *John* v. *Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 735 (2d Cir. 2017) (quoting *Carter*, 822 F.3d at 54-55)).

When considering a motion to dismiss for a lack of standing under Rule 12(b)(1), a court looks to whether the plaintiff has met his or her burden to establish the "irreducible constitutional minimum of standing." *Spokeo*, 136 S. Ct. at 1547 (quoting *Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To meet this burden, Plaintiff must show that she has "[i] suffered an injury in fact, [ii] that is fairly traceable to the challenged conduct of the defendant, and [iii] that is likely to be redressed by a favorable judicial decision." *Id.* To demonstrate an injury-in-fact, a plaintiff must show "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (internal quotation marks omitted).

Significantly for purposes of the instant motion, the law is clear that Congress cannot legislate around the Article III standing requirement: "[J]ust because Congress has elevated an intangible harm to a legally cognizable injury does not automatically satisfy the injury-in-fact requirement." *O'Shea* v. *P.C. Richard & Son, LLC*, No. 15 Civ. 9069 (KPF), 2017 WL 3327602, at *4 (S.D.N.Y. Aug. 3, 2017). Rather, for a statutorily-conferred injury to rise to the

7

level of an injury-in-fact, a court considers "whether Congress conferred the procedural right in order to protect an individual's concrete interests." *Strubel v. Comenity Bank*, 842 F.3d 181, 189 (2d Cir. 2016).

### 2.     Article III Standing for FACTA Violations

Congress enacted FACTA to reduce the risk of identity theft. *Katz*, 872 F.3d at 116. Under FACTA, a business that accepts credit cards may not "print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681c(g)(1). Plaintiff alleges violations of this provision, and since Plaintiff filed this case in 2013 the law on Article III standing for FACTA violations has been clarified substantially. The Court's consideration of Plaintiff's allegations is governed by a trilogy of recent cases — *Spokeo*, *Strubel*, and *Crupar-Weinmann* — of which this Court undertook a lengthy analysis in a factually similar case, *see O'Shea v. P.C. Richard & Son, LLC.* 2017 WL 3327602, at *4-5. All three cases found that a bare procedural violation, without sufficient allegations of a concrete harm, does not confer Article III standing. *Spokeo*, 136 S.Ct. at 1549 ("For that reason, [plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."); *Crupar-Weinmann*, 861 F.3d at 81-82 ("[W]e conclude that the plaintiff here has not alleged in her amended complaint that Paris Baguette's bare procedural violation of FACTA posed a material risk of harm to her."); *Strubel*, 842 F.3d at 193 ("We

nevertheless conclude that such a bare procedural violation does not create the material risk of harm necessary to demonstrate concrete injury.").

Where, as here, Plaintiff sues pursuant to a statutorily-conferred procedural right (i.e. the right under FACTA to receive properly-redacted receipts for credit card transactions), a court looks to whether that right is granted to protect a concrete interest and asks whether the plaintiff has demonstrated a "material risk of harm to the underlying concrete interest Congress sought to protect." *Crupar-Weinmann*, 861 F.3d at 80-81. As noted above, Congress passed FACTA to protect an individual's concrete interest in avoiding identify theft. *Id.* at 81. To assert standing for a bare procedural violation of FACTA, Plaintiff must show that discarding in the trash receipts that displayed her credit card's expiration date created a material risk of harm to that concrete interest. *Id.*

This Court found in *O'Shea* that "*Crupar-Weinmann* [] left no doubt that alleging that a card's expiration date was printed on a receipt, absent some other allegation that elevated the risk of identity theft or fraud to one that is material, is itself insufficient to establish an injury in fact that confers Article III standing. A plaintiff must allege something more." 2017 WL 3327602, at *6. Shortly after this Court's decision in *O'Shea*, the Second Circuit reaffirmed that "[a]fter *Spokeo* ... the critical question for standing purposes is whether the particular procedural violations alleged ... entail *a degree of risk* sufficient to meet the concreteness requirement, ... which in turn depends on whether the particular bare procedural violation may present a material risk of harm to

9

the underlying concrete interest Congress sought to protect" in enacting the statutory requirement. *Katz*, 872 F.3d at 118 (emphasis in original) (internal quotation marks omitted). Accordingly, the question before the Court is whether Plaintiff's TAC pleads that "something more" and shows that the offending Wolfgang's receipts subjected her to a material risk of identity theft. *O'Shea*, 2017 WL 3327602, at *6. The Court finds that it does not.

## B. Plaintiff Lacks Article III Standing

The Court observes at the outset that Defendants raise a facial attack on Plaintiff's standing to sue. Somewhat in derogation of that argument, Defendants then encourage the Court to consider extrinsic evidence in support of their contention that "Plaintiff here has failed to show her claims regarding prior receipts are plausible[.]" (Def. Br. 16). The Court declines to do so. Defendants' argument is, effectively, that Plaintiff has fabricated her allegation that she received non-compliant receipts prior to October 3, 2013, and that she discarded any such receipts in an attempt to construct some basis for standing. (*Id.* at 17 ("[D]uring the past three and a half years — through extensive briefing, three prior pleadings and several appearances of counsel before the Court — Plaintiff never once mentioned these allege[d] prior receipts, including in response to Defendants' argument that October 3, 201[3] was the 'one and only time' Plaintiff dined at Wolfgang's[.]")). In support of this claim, Defendants cite a representation made by Plaintiff's counsel at a conference before the Court. (*Id.*).

Plaintiff argues that Defendants have not raised a fact-based attack because counsel's litigation strategy and representations to the Court are not evidence bearing on the veracity of Plaintiff's claims. (Pl. Opp. 21-22). The Court agrees. The gravamen of Defendants' argument against standing is that the TAC, on its face, does not plead facts that amount to the material risk of harm needed to find an injury-in-fact. (*See generally* Def. Br.). Accordingly, the Court limits its consideration to the facts alleged on the face of the TAC and the document attached thereto. *Carter*, 822 F.3d at 56.

To review, Plaintiff's Second Amended Complaint — which this Court found did not plead sufficient facts to confer Article III standing, *Fullwood III*, 2017 WL 377931, at *7 — alleged that Defendants gave Plaintiff a receipt for her meal on October 3, 2013, that improperly displayed her full credit card expiration date in violation of FACTA. (SAC ¶ 15). Plaintiff did not, and does not now, allege any impropriety in the redaction of her credit card number. Instead, Plaintiff hinges her standing argument on the allegation that she received additional and similarly-offending receipts on prior occasions, which receipts she discarded without destroying. (TAC ¶ 20). Plaintiff never alleges that Defendants made her receipts accessible to the public in any way, nor does she claim to have been the victim of identity theft or to have had her credit card used fraudulently. She simply claims that discarding the receipts without destroying them "expos[ed] her to identity thieves." (*Id.*). Plaintiff goes on to explain that "identity theft is a concrete and substantive harm," because enterprising identity thieves "commonly obtain credit card or debit card

11

receipts that are lost or discarded, or through theft, and use the information to engage in unauthorized credit or debit transactions," and that "[t]he expiration date is almost always necessary for misuse of a credit card or debit card." (*Id.* at ¶¶ 27-28).

Unfortunately for Plaintiff, the Second Circuit does not share her view about the risk of identity theft that inheres in receiving a receipt that displays a card-holder's full expiration date. The Second Circuit found in *Crupar-Weinmann*: "[I]n 2007, Congress clarified FACTA in the Credit and Debit Card Receipt Clarification Act of 2007 ('Clarification Act'), stating that '[e]xperts in the field agree that proper truncation of the card number, ... *regardless of the inclusion of the expiration date,* prevents a potential fraudster from perpetrating identity theft or credit card fraud.'" *Crupar-Weinmann*, 861 F.3d at 81 (quoting Pub. L. 110-241, § 2(a)(6), 122 Stat. 1565, 1565 (2007)). This finding is fatal to Plaintiff's TAC. Plaintiff does not allege that her credit card number was left unredacted; the only deficiency in the receipt she received was the improper failure to truncate her card's expiration date. (*See* TAC ¶ 20). While Plaintiff's haphazard discarding of her earlier receipts may have increased the likelihood the receipts would be seen by a third party, it did not increase her risk of identity theft. According to Congress's reasoning in the Clarification Act, as interpreted by the Second Circuit in *Crupar-Weinmann*, it does not matter how many receipts Plaintiff received from Wolfgang's that contained her credit card's expiration date, so long as her credit card number was appropriately redacted. Nor does it matter whether they were exposed in the trash or

otherwise; controlling precedent makes plain that the facts alleged by Plaintiff do not constitute a risk of harm that is sufficiently material to qualify as an actionable injury-in-fact.

Plaintiff makes several arguments in her opposition brief that cannot stand in the face of *Crupar-Weinmann*; they are discussed here briefly. Plaintiff argues that Congress found that inclusion of expiration dates on receipts causes a concrete injury and that the redaction of expiration dates gets at the "core object" of FACTA. (Pl. Opp. 6-7, 13-14). Plaintiff makes much of President Bush's signing statement that FACTA was designed to ensure that "slips of paper that most people throw away do not hold the key to their savings and financial secrets." (*Id.* at 5 (quoting Statement by President George W. Bush Upon Signing H.R. 2622, 39 Weekly Comp. Pres. Doc. 1746, 1757 (Dec. 4, 2003))). But in *Crupar-Weinmann*, the Second Circuit found that these slips of paper do not hold the key to a card-holder's financial secrets if all they contain is a redacted card number and an expiration date. *Crupar-Weinmann*, 861 F.3d at 81. Accordingly, the inclusion of the expiration date does not violate FACTA's core object of preventing fraud and identity theft.

Plaintiff further argues that forcing her to demonstrate actual harm from fraud or identity theft "would write FACTA out of the statute books." (Pl. Opp. 5). This argument proves too much. FACTA's main objective is to prevent identity theft and, surely, individuals who suffer a material risk of that harm can still bring suit against a business under FACTA. If, for example, a customer received a receipt that contained an improperly-redacted credit card

13

number *and* an improperly-redacted expiration date, an allegation that the receipt was exposed to the public could show a risk sufficient to confer standing because Congress in the Clarification Act — and the Second Circuit in *Crupar-Weinmann* — found that improper truncation of a credit card number can expose card-holders to a material risk of fraud and identity theft. Pub. L. 110-241 § 2(a)(4)-(5); *Crupar-Weinmann*, 361 F.3d at 81.

After the Second Circuit's decision in *Crupar-Weinmann*, this Court ordered the parties to file supplemental memoranda. Defendants predictably, and accurately, argue that *Crupar-Weinmann* demands a finding that Plaintiff lacks Article III standing because the pleadings in *Crupar-Weinmann* and the instant case are "substantially indistinguishable," and because, under the Second Circuit's reasoning, it does not matter that Plaintiff's receipts could have been exposed to the public. (Def. Supp. Br. 5-6).

Plaintiff responds only by asking the Court to delay decision pending the outcome of the petition for *en banc* review of *Crupar-Weinmann*, particularly given the Third Circuit's recent holding that a plaintiff pleads a concrete injury if the injury the statute at issue is meant to prevent "has a close relationship to a harm traditionally providing a basis for a lawsuit in either English or American courts." (Pl. Supp. Br. 1 (quoting *Susinno* v. *Work Out World Inc.*, 862 F.3d 346, 350-51 (3d Cir. 2017))). Plaintiff further argues that *Crupar-Weinmann* was wrongly decided insofar as it contravenes *Strubel* and "merely second-guesse[s] Congress's finding of concrete harm despite extensive Congressional expert testimony[.]" (*Id.*).

14

This Court has neither the authority nor the temerity to tell the Second Circuit that *Crupar-Weinmann* was not properly decided and, in any event, sees no basis upon which to challenge it. Unless and until the Second Circuit revisits its holding in light of Plaintiff's arguments or precedent from its sister Circuits, the Court is bound by *Crupar-Weinmann* to dismiss Plaintiff's TAC under Rule 12(b)(1) for a lack of Article III standing.

### C. Plaintiff's TAC Is Arguably Untimely

Separately, Defendants argue that Plaintiff's allegations of non-compliant receipts prior to October 3, 2013, are barred under FACTA's statute of limitations which requires that claims be brought within two years of discovery, and no later than five years after the violation. (*See* Def. Br. 18 (citing 15 U.S.C. § 1681p)). Timeliness is often an affirmative defense to be asserted in a responsive pleading, *see* Fed. R. Civ. P. 8(c)(1), and is, therefore, typically heard on a motion under Rule 12(b)(6), *see Staehr* v. *Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425-26 (2d Cir. 2008) ("The lapse of a limitations period is an affirmative defense that a defendant must plead and prove."); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1226 (3d ed. 2004) ("[T]he current trend in the cases is to allow [timeliness] to be raised by a motion to dismiss under Rule 12(b)(6) when the defect appears on the face of the complaint."). Where Congress makes the time bar a jurisdictional issue, failure to timely file will deprive a court of authority to hear the case. *United States* v. *Kwai Fun Wong*, 135 S. Ct. 1625, 1631 (2015). Most time bars are nonjurisdictional, and it is a high bar to prove otherwise. *Id.* at 1632.

"Congress must do something special ... to tag a statute of limitations as jurisdictional[.]" *Id.*

Despite the rarity of jurisdictional time bars, Congress imposed one in FACTA. Section 1681p addresses "Jurisdiction of courts; limitation of actions" and provides: "An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court ... or in any other court of competent jurisdiction, not later than the earlier of — (1) 2 years from the date of discovery ... or (2) 5 years after the date on which the violation ... occurs." Because Congress has linked the jurisdictional grant to the timely filing of an action, the FACTA statute of limitations is jurisdictional. *Kwai Fun Wong*, 135 S. Ct. at 1632-33 (finding a time bar to be nonjurisdictional where Congress conferred the jurisdictional grant in a separate section from the time bar and where the section imposing the time bar "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts"). Thus, the Court will address the timeliness of Plaintiff's TAC, albeit briefly, in deciding Defendants' Rule 12(b)(1) motion to dismiss.

Plaintiff alleges that she received non-compliant receipts from Wolfgang's at unspecified times before October 3, 2013. (TAC ¶ 20). It is not clear from the TAC or from Plaintiff's briefing when Plaintiff discovered the violations. Without this critical fact, it is impossible for the Court to determine whether Plaintiff's new allegation is subject to the two-year time bar or whether it was properly filed within five years of the violation. If, for example, Plaintiff received an offending receipt on October 2, 2013, and discovered the violation on

16

January 1, 2016, her new claim would be timely. The required facts are not before the Court, and no matter: Plaintiff lacks standing to sue and her claim must be dismissed on that basis.

### D. Defendants' Request for Reconsideration Is Denied

Defendants also argue in their supplemental brief that *Crupar-Weinmann* warrants reconsideration of the Court's prior denial of Defendants' motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim for reckless behavior. (Def. Supp. Br. 7). Specifically, Defendants claim that because recklessness involves "action entailing an unjustifiably high risk of harm," (Def. Supp. Br. 7 (quoting *Safeco Ins. Co. of America* v. *Burr*, 551 U.S. 47 68-69 (2007))), and because *Crupar-Weinmann* held that printing expiration dates "do[es] not create the *minimal* risk necessary to confer standing upon Plaintiff, such alleged omissions surely cannot satisfy" the standard for recklessness (*id.* at 8). However clever this argument may be, the Court, having found that it lacks subject matter jurisdiction, cannot engage in this analysis. *See John*, 858 F.3d at 735 ("[W]here a complaint is dismissed for lack of Article III standing … the district court lacks the power to adjudicate the merits of the case[.]" (quoting *Carter*, 822 F.3d at 54-55)).

### E. Plaintiff's Request for Leave to Amend Is Denied

Plaintiff has filed four complaints in this matter, an initial and three amended complaints. With respect to the latter category, Plaintiff filed her first amended complaint as a matter of right under Rule 15, and received permission from the Court to file the second and third amended complaints.

17

Plaintiff now seeks leave to amend, yet again, but does not proffer what amendments she would make. (Pl. Br. 25). The Court cannot conceive of any amendment that would cure Plaintiff's lack of standing that she has not already had ample opportunity to make. And while "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend can be denied if the court finds that it would be futile, *Grullon* v. *City of New Haven*, 720 F.2d 133, 140 (2d Cir. 2013) (citing *Foman* v. *Davis*, 371 U.S. 178, 182 (1962)). Because Plaintiff does not make any showing about how she would amend her pleading, and because the Court has twice previously granted leave to amend, Plaintiff's request is denied.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss under Rule 12(b)(1) is GRANTED and Plaintiff's request for leave to amend is DENIED. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: November 3, 2017
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge